322 So.2d 110 (1975)
John N. VERBOIS, Jr., Plaintiff,
v.
H. D. HOWARD et al., Defendants-Relators, Hartford Insurance Company, Intervenor-Respondent.
No. 56206.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-applicants.
James E. Hopkins, George & George, Ltd., Baton Rouge, for intervenor-respondent.
TATE, Justice.
On the application of the defendants ("Howard et al"), supervisory writs were granted, 311 So.2d 262 (1975), to review the trial court's annulment of a compromise between the plaintiff Verbois and the defendants. The compromise was set aside on a rule to show cause filed by intervenor ("Hartford"), the compensation carrier of the plaintiff Verbois' employer.
The employee Verbois was injured in the course of his employment, allegedly through the negligence of third persons, including the defendants Howard et al. Verbois brought suit to recover in tort from these defendants. Hartford, the compensation insurer of Verbois' employer, intervened to recover from the third person tortfeasors for workmen's compensation benefits paid or to be paid to Verbois. See La.R.S. 23:1102.
Some months after the intervention, Verbois and the defendants Howard et al executed a compromise, by which Verbois accepted $10,000 in full settlement of his claims against these third person defendants and agreed to dismiss with prejudice his suit against them.
This dismissal of the main demand by Verbois did not, of course, affect the intervention, which is entitled to be tried and decided independently of the dismissed principal action. La.C.Civ.P. art. 1039. *111 Nevertheless, the intervenor Hartford filed a rule to show cause and secured an order from the trial court which annulled the compromise entered into between the plaintiff and the defendants Howard et al.
In reviewing this order of annulment, the issue before us concerns whether a compensation carrier, who has intervened in a tort suit between the injured employee and third person tortfeasors, may prevent the injured plaintiff and the third person tortfeasors from thereafter settling the plaintiff's tort claim against such third person.
The statutory context of this litigation is provided by La.R.S. 23:1101-03. Briefly, these provisions permit both the employee and the employer or its insurer to file a tort suit against third persons who caused the employee's injuries. Section 1101. If either party brings suit, he must notify the other, and the other may intervene in this suit against the third person tortfeasors. Section 1101. In the event of successful recovery in such suit, the employer's claim for reimbursement of compensation shall be paid in priority to the employee's claim out of any amount recovered. Section 1103.
Section 1103 concludes: `"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him."
As we stated recently in Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545, 554 (La.1973), Noted, 48 Tul.L.Rev. 763 (1974): "The unambiguous meaning of the statutory language is: * * * either employer or employee has the full right to compromise any claim he has against the third person, but any compromise will not affect the other's rights against the tortfeasor unless he has assented to it."
As the statute unambiguously provides, the plaintiff was entitled to compromise his claim against the third person tortfeasors in the pending suit. This compromise did not prejudice the right of the intervenor to recover all sums for reimbursement of compensation to which it is entitled, providing the damages sustained by the plaintiff as a result of the tort are at least equal to such amount. As previously noted, the dismissal of the main demand by the plaintiff against the defendants does not in any wise affect the intervenor's independent right to recover the full amount to which it is entitled. La.C. Civ.P. art. 1039.
In arguing to the contrary, the intervenor Hartford suggests that its right to recover damages is so intricately interwoven with the main demand that they must be tried together. This overlooks that, statutorily, the claims of the employee for tort damages and of the employer for reimbursement are independent of one another for purposes of compromise, so that either may be compromised without affecting the right of the other to recover the damages to which he is entitled on his respective claim.
The intervenor Hartford, the employer's compensation coverage, cannot claim prejudice by reason of the exercise by the plaintiff and the defendants of their statutory right. By it, they compromised the claims, as between themselves, without affecting Hartford's right to recover all damages from the defendants to which it is entitled to recover had there been no compromise.
Hartford does not cite any authority to the contrary.
The decisions discussed by it are not apposite to the present issue. Compton v. North River Insurance Co., 281 So.2d 848 (La.App. 1st Cir. 1973), certiorari denied, 284 So.2d 336 (La. 336) and Todd-Johnson Dry Docks v. City of New Orleans, 55 So. *112 2d 650 (La.App.Orl.1951) concern the situation where an employer, given notice of an employee's suit against third person tortfeasors, fails to intervene. In such instances, the failure of the employer (or its compensation carrier) to intervene timely, after adequate notice, may result in the loss of its reimbursement rights under certain circumstances.
Here, however, the employer's compensation carrier, Hartford, did intervene in the pending tort suit filed by the injured employee against the third person tortfeasors. The cited decisions do not apply, nor is their rationale inconsistent with the views and holding herein.
For the reasons assigned, therefore, we reverse and set aside the trial court order rescinding the compromise executed between the plaintiff and the defendant. Hartford, the intervenor-respondent, is taxed with all costs of its rule to show cause, which is hereby denied, and of supervisory review of the improvident order granted in connection therewith, as sought by applications both to the court of appeal and to this court.
Trial court ordered reversed and set aside.
MARCUS, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
I disagree with the majority's extension of the rationale of Crabtree v. Bethlehem Steel Corp., 284 So.2d 553 (La.1975) (on rehearing), a decision in which I dissented and which I still believe is erroneous.
Under La.R.S. 23:1103, the employer has the right to be reimbursed for compensation actually paid from the proceeds of a judgment obtained by the plaintiff-employee against a third person adjudged at fault for his injuries. This right of reimbursement enjoys a priority over any damages owed the employee. The second paragraph of La.R.S. 23:1103 provides:
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
In my opinion, the legislative intent was to prevent any compromise between the employee and the third person without the assent of intervenor, the employer. Hence, the trial judge properly annulled the compromise between plaintiff Verbois and defendants.
I respectfully dissent.