478 So.2d 1223 (1985)
Ruth Purvis GRAHAM
v.
SEQUOYA CORPORATION, David M. Ferrell and Samuel Davidson.
No. 85-C-1170.
Supreme Court of Louisiana.
December 2, 1985.
Rehearing Denied January 9, 1986.
*1224 Michael Patterson, McKinnis, Juban, Bevan, Mullins & Patterson, Baton Rouge, for defendant-applicant.
Karl Cavanaugh, Baton Rouge, for plaintiff-respondent.
DIXON, Chief Justice.
Plaintiff, Ruth Purvis Graham, was the holder in due course of a promissory note executed by the predecessor of defendant, Sequoya Corporation, and indorsed by the remaining defendants, Samuel Davidson and David Ferrell. Graham filed suit, seeking the indebtedness, interest and costs, and, as stipulated in the note, attorney's fees of 25% of the principal and interest due.
The parties settled all claims prior to trial except that of attorney's fees. Believing that it had a legislative mandate to award the fees stipulated in the note, the trial court rendered judgment for the full 25%, even though the claim did not have to proceed to trial.
Following the same reasoning as the trial court, the appellate court affirmed the judgment. Graham v. Sequoya Corp., 468 So.2d 849 (La.App. 1st Cir.1985). We granted certiorari to determine whether a court has the authority to inquire into the reasonableness of the fee stipulated in a promissory note or instead is bound by the provisions of the note. (472 So.2d 907 (La. 1985)).
This is not the first time this issue has come before this court. In Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982), this court held that despite a provision in a promissory note stipulating attorney's fees, courts could inquire into the reasonableness of the fee. The authority *1225 of this court to regulate the practice of law is both constitutional and inherent. Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Association, 378 So.2d 423 (La.1979). As noted in Leenerts, this authority has expressed itself in the establishment of the Louisiana State Bar Association and the adoption, as part of that organization's articles of incorporation, of the Code of Professional Responsibility. Leenerts Farms, Inc. v. Rogers, supra at 219. Further, the Code of Professional Responsibility has been recognized as having the force and effect of substantive law. Id.
The Leenerts decision recognized that the Code of Professional Responsibility is viewed "as being the most exacting of laws established for the public good." The Code of Professional Responsibility, in DR 2-106, provides that an attorney "shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." Various guidelines are listed for the determination of what is an excessive fee.[1] Following these guidelines, we determine that a 25% fee, in this case more than $7000, is probably excessive where the claim did not proceed past the summary judgment stage.
The plaintiff, however, claims this court has been prevented by the legislature from examining stipulated attorney's fees. By Act 483 of 1983, the legislature amended then C.C. 1935, an article in the obligations section dealing with damages resulting from failed obligations. The article was amended by adding the last sentence relative to attorney's fees, as follows:
"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more. But when the parties, by contract in writing, have expressly agreed that the debtor shall also be liable for the creditor's attorney fees in a fixed or determinable amount, the creditor is entitled to that amount as well." (Emphasis added).
Plaintiff argues that this amendment, which passed the legislature and became effective less than a year after the Leenerts decision, was specifically intended to overrule Leenerts. Without questioning the purpose of this act or whether the legislature infringed upon this court's constitutional authority to regulate the practice of law, we determine that Act 483 is not applicable in this case.
The defendants executed the note in 1976 and defaulted in 1979. Suit was filed on June 20, 1983. By this time, the Leenerts decision had already determined the law applicable to this situation. Act 483 became effective on August 30, 1983, some two months after suit was filed.
C.C. 8 states the general rule that a law "can prescribe only for the future, it can have no retrospective operation ..." Additionally, R.S. 1:2 mandates that no statute is retroactive unless expressly stated. From these principles it has developed and is consistently stated that the rule of prospective application applies to laws that are substantive in nature, but laws that are *1226 procedural, remedial or curative may be accorded retroactive effect. Cahn v. Cahn, 468 So.2d 1176, 1181 (La.1985). However, a law will not be applied retroactively if its language evidences a contrary intent or the retroactivity would operate to disturb vested rights. Lott v. Haley, 370 So.2d 521, 523 (La.1979).
A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or the operation of the laws. General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 1028, 64 So.2d 417, 420 (1953); Fullilove v. United States Casualty Co. of New Yok, 129 So.2d 816, 824 (La.App. 2d Cir.1961). The court of appeal found Act 483 to be curative. Graham v. Sequoya Corp., supra at 851. However, under the interpretation urged by the plaintiff, the Act does not clarify procedure or provide a new remedy for enforcement of the obligation, which in this case is to pay the note. Instead it is argued that Act 483 purportedly gives parties the right to contract for fees that would be excessive by the standards of the Code of Professional Responsibility. As such, it is a substantive law and entitled to prospective application.
Therefore, Act 483 cannot apply to this action since suit was brought two months before the amendment became effective. In this case, the rights of the parties must be determined at the time the suit was filed; those rights were and remain governed by this court's holding in Leenerts. It can further be noted that when the legislature repealed and reenacted C.C. 1935, incorporating its substance into present C.C. 2000, no provision was included relating to attorney's fees.
For the reasons assigned, the decision of the court of appeal is reversed. The case is remanded to the district court for a determination of a reasonable fee for the collection of this note, at the cost of plaintiff-respondent.
WATSON, J., concurs but believes the validity of the act should be decided at this time.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent.
The jurisprudence of this state had undoubtedly held that stipulated attorneys fees in a promissory note were liquidated damages before Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). See H.K. Henderson Iron Works & Supply Co. v. Merriwether Supply Co., 178 La. 516, 152 So. 69 (1934); Fidelity Nat'l Bank v. Pitchford, 374 So.2d 149 (La.App. 1st Cir. 1979). The holding in Leenerts turned on changing the jurisprudential interpretation of La. Civil Code art. 1935. In the first legislative session subsequent to Leenerts, article 1935 was amended in just such a way as to undermine the holding of Leenerts. The legislative history of the amendment undeniably points to the conclusion that it was passed for the very purpose of returning the law to the state in which it was before Leenerts. A curative act in the ordinary sense of the term is a retroactive law acting on past cases and existing rights. Swanson v. Pontralo, 238 Iowa 693, 27 N.W.2d 21, 25 (1947), Otisfield v. Scribner, 129 Me. 311, 151 A. 670, 671 (1930). The definition of curative legislation fits this amendment "like a glove". Therefore, I respectfully dissent from the majority conclusion that Act 483 is not curative.
NOTES
[1] "DR 2-106. Fees for Legal Services.

(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.
Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent...."