488 So.2d 222 (1986)
Howard Joseph WELLS, Jr.
v.
K & B, INC., et al.
No. C 5275.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1986.
*223 James S. Rees, III, Murphy, Simon, & Rees, New Orleans, for intervenor-relator.
Shelley Hammond Provosty, New Orleans, for defendants-respondents.
Before GULOTTA, SCHOTT and BARRY, JJ.
SCHOTT, Judge.
We grant certiorari in order to consider a judgment of the trial court denying motion for summary judgment filed by intervenor, United States Fidelity & Guaranty Company, against defendants, K & B, Inc., Larry J. Chatelain, and Michael J. Alvarez. The only issue is whether LSA-R.S. 23:1102 as amended to its present form in 1983 covering settlements of worker's compensation claims applies to this case which arises out of an injury occurring in August, 1981.
Intervenor is the compensation insurer of the employer of plaintiff, Howard Joseph Wells, Jr. In October, 1981, Wells filed a tort suit against defendants for injuries he sustained on the job in August, 1981. In 1982 intervenor asserted its claim for compensation benefits it paid to Wells. By Act 1 of the First Extraordinary Session of 1983, R.S. 23:1102(C) was enacted as follows:
"If the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise, and the employee fails to pay to the employer the total amount of compensation benefits, medical benefits, attorney's fees, and penalties out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits, medical benefits, attorney's fees, or penalties previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding said reimbursement, all rights of the employer or his insurer to assert the defense provided for herein against claims for future compensation by the employee or his dependent shall be reserved. Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for compensation benefits, medical benefits, attorney's fees, or penalties against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid."
By Act 852 of 1984 R.S. 23:1102(C) was further amended as follows:
When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future *224 compensation or medical benefits shall be reserved. However, the employer or his insurer may not unreasonably refuse to approve a final, good faith settlement agreed upon and tendered to the employer or his insurer by the employee and the third party defendant. Refusal by the employer or his insurer to approve a good faith, final settlement will be prima facie unreasonable if the amount of the tendered settlement is greater than the discounted value of future compensation and medical benefits. If the employer's or his insurer's refusal is unreasonable, (1) the employer's or his insurer's credit against future compensation due to the employee will be reduced by fifty percent of that portion of a subsequent judgment obtained against the third party defendant that is in excess of the tendered final good faith settlement offer, and (2) the employee will be entitled to reasonable attorney's fees from the employer or his insurer, which attorney's fees will be awarded considering only that portion of the judgment in excess of the tendered final good faith settlement offer. If the employee brings suit against more than one third party, limitation on the employer's or his insurer's credit as specified hereinabove, shall be applicable only to such third party tendering to employer or his insurer a final, good faith settlement with employee, and the limitation on the employer's or his insurer's will not be applicable to judgment secured by employee against any other third party. Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid."
In December, 1984 plaintiff settled his claim against defendants without the knowledge, consent, or approval of intervenor or plaintiff's employer.
Thus, intervenor proceeded with motion for summary judgment against defendants to recover the amount of compensation benefits and medical expenses pursuant to R.S. 23:1102(C). In denying the motion the trial court stated:
"... the compromise settlement between plaintiff and defendant is governed under the old Worker's Compensation Act because the change in the law with regard to compromise settlements as it relates to the intervenor is a substantive change in the law and, therefore, L.S.A. R.S. 23:1102 as amended in 1983 should not be applied to the compromise between plaintiff and defendants in this case...."
A reading of the law as written when the compromise was confected makes clear the legislative intent to apply it to pending suits since it is prefaced with; "When a suit has been filed, etc." Of course, basic constitutional principles prohibit the legislature from retroactively depriving persons of substantive rights, and this seems to be the trial court's reason for declining to apply the law to this case. However, the court erred because the application of the law would not deprive anyone of substantive rights.
This law does not affect plaintiff's cause of action as a worker's compensation claimant. It concerns the procedure for the settlement of claims and specifically prescribes penalties against third parties who settle claims without the approval of the intervening employer. This law is not substantive but is procedural, so that it applies to this pending suit. Lott v. Haley, 370 So.2d 521 (La.1979).
In their response to intervenor's application defendants contend that it would be inappropriate for this court to exercise its supervisory jurisdiction with respect to this judgment which simply overruled a motion for summary judgment. As a general rule this court does not exercise its supervisory jurisdiction under such circumstances; but in this case there are no factual issues; only a pure legal question. A trial on the merits would be nothing more than a rehash of the same documents, *225 briefs and arguments presented at the hearing on the motion for summary judgment. We are unaware of any good reason, legal or practical, why this matter should not be concluded at this stage. Furthermore, even defendants concede that this court should exercise supervisory jurisdiction where the trial court action involves a clear failure to follow non-discretionary law. We deem this to be such a case. See Kiefer v. Whittaker, 468 So.2d 587 (La. App. 4th Cir.1985).
Accordingly, the judgment of the trial court denying the motion for summary judgment filed by intervenor, United States Fidelity & Guaranty Company, is reversed and set aside and there is judgment in favor of intervenor and against defendants for the total amount of worker's compensation benefits and medical expenses which intervenor paid to plaintiff plus interest and costs.
REVERSED AND RENDERED.