501 So.2d 857 (1987)
Mary Jane BABIN, Edward Babin, Jr., Priscilla Babin and Bonnie Babin
v.
SATURN ENGINEERING CORPORATION, Sip, Inc. of Houston, Products Engineering, Inc. and J.A. Young and Associates, Inc., et al.
No. 86-CA-52.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
*858 James E. Blazek, Joseph B. Guilbeau, Adams & Reese, New Orleans, for defendants-appellants.
Theodore J. Pfister, Jr., Houston, Tex., for defendant-intervenor Shell Oil Company.
Victor L. Marcello, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for plaintiffs-appellees.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Edward James Babin, plaintiffs/appellees' decedent, was killed in an industrial accident on June 28, 1983, while employed by Shell Oil Company as a warehouseman. On November 30, 1983, suit, naming several defendants, was originally filed in the Twenty-Ninth Judicial District Court, Parish of St. Charles, Civil Action No. 26,858. That suit was removed to Federal Court, No. 84-2259, at which time Shell Oil Company intervened pursuant to the Louisiana Worker's Compensation Act. Appellees also filed a second suit in the Twenty-Ninth Judicial District Court, Civil Action No. 27,695, wherein Shell Oil Company was made a defendant.
A pre-trial conference was held on August 23, 1985, in the Federal Court, Matter No. 84-2259. A settlement was entered into by appellees and all of the defendants in that case, except one. Shell Oil Company objected to the settlement, and a provision was read into the record of the settlement whereby the settlement funds would be escrowed pending a determination by a court of competent jurisdiction of the rights of Shell Oil Company to veto any settlement agreements between appellees and third parties pursuant to LSA R.S. 23:1102 as then enacted.[1] According to the *859 purported settlement, "It is specifically agreed between plaintiffs and settling defendants that in the event a court of competent jurisdiction decides that R.S. 23:1102 as amended by Act 1, Sec. 1, 1983, applies and in the event this act is retroactive to cover this accident which occurred on June 26, 1983, then there is no settlement and plaintiffs then reserve their rights to proceed against any of the settling defendants, without prejudice, to any of the rights as they are at this time."
On August 26, 1985, appellees filed a Motion for Summary Judgment in the Twenty-Ninth Judicial District Court, action No. 27,695, declaring they were entitled to summary judgment as a matter of law declaring LSA R.S. 23:1102 as amended by Acts, 1983, First Executive Session, No. 1, Section 1, effective July 1, 1983, does not apply retroactively and only applies prospectively. The issue was heard on November 20, 1985, and two days later the trial judge rendered a summary judgment in which he held that LSA R.S. 23:1102 as amended is not applicable in the instant case, even though all pleadings in this matter were filed after the effective date of the amendments, as the accident occurred on June 28, 1983three (3) days before the statute was effective. From this judgment Shell Oil Company appeals. We affirm.
Appellant presents one assignment of error:
Appellant and intervenor, Shell Oil Company, respectfully submits that the *860 district court committed an error of law in failing to determine intervenor's rights against parties to and proceeds generated by any settlement entered August 27, 1985, of litigation first filed on November 30, 1983, pursuant to La.Rev.Stat. Sec. 23:1102(B) and (C), effective as amended July 1, 1983.
Although Shell attempts to phrase the assignment differently, we find that the issue actually involved in this appeal is whether the amendment should have been applied retroactively to this accident occurring three days prior to the effective date of the amendment.
All pertinent facts at issue in this case have been stipulated by appellant and appellees, thus this court is only required to make a determination of law. We must decide whether the trial court correctly granted summary judgment to the appellee based on the inapplicability of LSA R.S. 23:1102, as amended, to the instant case.
Appellant acknowledges that Mr. Babin's accidental death occurred on June 28, 1983, and that LSA R.S. 23:1102, amended by Act 1 of the 1983 Extraordinary Legislative Session, was effective July 1, 1983. However, appellant contends since all civil actions filed in this case and the settlement was entered after the effective date of the statute, as amended, the new law applies. This contention is based on appellant's assertion that as the first sentence of LSA R.S. 23:1102(B) begins with the phrase "If compromise with such third person ...", the logical conclusion is the date of the compromise triggers the application of these statutory rights, not the date of the accident. Appellant states that it is not a question of retroactive application, because the suit and compromise in the instant case took place after the effective date of the statute.
Appellant's interpretation of this statute is based on the presumption that when the Louisiana Legislature amended LSA R.S. 23:1102, they did so to immediately legislatively overrule the jurisprudentially created rule of Verbois v. Howard, 322 So.2d 110 (La.1975); Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545 (La. 1973). This jurisprudential rule basically held that if a judgment is awarded in a suit, the damages so awarded must be apportioned as required by the statute to give preference to the employer's reimbursement claim, at least if he intervened. However, an employer could not receive credit against its compensation liability for sums received by an employee through a compromise of a tort claim against a third person to which the employer was not a party, and which did not affect any right the employer had against the third party. The Crabtree decision was based on the premise that ordinarily by a compromise of a tort claim a plaintiff accepts less than the full damages suffered. Thus, the claimant does not receive any double recovery of actual damages suffered by him when retaining the sums received in the tort compromise in addition to receiving the full worker's compensation benefits due him by his employer.
There is no question that LSA R.S. 23:1102 as amended in 1983 was intended to legislatively overrule the jurisprudential rule established in Verbois and Crabtree. The wording of the statute clearly addresses the specific situation as outlined in these cases.
It is also clear that the Louisiana Legislature has the authority to establish the effective date of a statute. La. Const. Art. 3, Sec. 18 (1974). Once the effective date is established, the question then becomes whether the law should be given prospective or retroactive effect. Generally, laws are deemed to be prospective in effect unless their language clearly indicates otherwise. LSA C.C. Art. 8; LSA R.S. 1:2. Tullier v. Tullier, 464 So.2d 278 (La.1985); Anthony v. New Orleans Public Service, 480 So.2d 440 (La.App. 4th Cir.1985), Writs refused 482 So.2d 628 (La.1986); Green v. Liberty Mutual Ins. Co., 352 So.2d 366 (La.App. 4th Cir.1977), Writs refused 354 So.2d 210 (La.1978). From these principles, the jurisprudence has developed a general rule to the effect that the prospective (or future) application applies to laws that are *861 substantive in nature, but laws that are procedural, remedial or curative may be accorded retroactive effect. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985); Cahn v. Cahn, 468 So.2d 1176 (La.1985).
A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or operation of the laws. Graham v. Sequoya Corp., supra. General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). In our opinion, the amendments to the statute involved here are substantive in nature as an obligation is created on the part of the plaintiff to obtain approval of the employer for any agreement with third parties, thus withdrawing certain rights from the plaintiffs and awarding other rights to employer in the same action.[2] However, appellant asserts that it is not a question of retroactive application, but that an objective reading of the statute implies that it is the date of the compromise which triggers the rights afforded the employer by the legislative action.
We disagree. We find that it is not the compromise that triggers this statute, but the original cause of action that determines the law which will apply. Here, we must decide whether the cause of action arose prior to the 1983 amendments to LSA R.S. 23:1102. A cause of action has been defined by the Louisiana Supreme Court as "the state of facts which gives a party the right to judicially assert an action against a defendant." Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La. 1975). Babin was killed on June 28, 1983, three days before the effective date of the amended statute; at that point, the cause of action arose.
The 1983 amendments to the Worker's Compensation Act withdrew certain rights from plaintiffs in third party actions, but plaintiffs were accorded other rights in different sections of the statute. Specifically, LSA R.S. 23:1202(A), as amended, raised the maximum rate of compensation to be paid under this chapter from sixty-six and two-thirds (66 2/3%) per cent of the average weekly wage paid to seventy-five (75%) per cent of the average weekly wage paid. However, this section of the Act specifically designated the date of the accident/injury as determinative of these employee benefits. Appellant concedes that the date of injury has, in Louisiana, traditionally determined the monetary compensation rate owed to covered employees. Appellant further states that the compensation rate paid by Shell Oil Company in the instant case is based on pre-amendment rates based on the date of the accident. Shell then states they have no choice but to pay these lower rates due to the pertinent provisions of LSA R.S. 23:1202(A). Conversely, Shell then asks that we apply the more stringent requirements of the amended statute to an accident that occurred prior to its enactment. Thus it appears that Shell would like to make "fish of one and fowl of the other."
The trial court, when reviewing this aspect of the case at the hearing stated:
I feel just like they [plaintiffs] must accept the benefits that were payable prior to the effective date of that accident, that likewise, all of the laws in effect at that time are applicable.
We agree and find it would be incongruous that the plaintiffs should accept the lower of the benefits based on the pre-amendment statute and then also be required to comply with the much more restrictive compromise provisions of the amended statute.
This court in LeDuff v. Gold Bond Bldg. Products, a Div. of Nat. Gypsum Co., 452 So.2d 250 (La.App. 5 Cir.1984), when discussing *862 LSA R.S. 23:1314, another section of the Worker's Compensation Act, held:
While we are unable to ascertain precisely the legislative intent, it seems reasonable that the legislature meant for the statutory changes to effect claims and causes of action arising after July 1, 1983.
We are of the opinion that the same reasoning applies to the issues involved in this case.
Since the cause of action in the instant case arose prior to July 1, 1983, the compromise entered into by appellees and all but one defendant in the federal court action is not affected by LSA R.S. 23:1102, as amended. Thus, the assignment of error lacks merit.
Accordingly, we affirm the well-reasoned judgment of the learned district judge who drew upon his former legislative experience in voicing his concern against retroactive application of this statute. All costs of this appeal are to be borne by appellant.
AFFIRMED
CHEHARDY, J., concurs.
CHEHARDY, Judge, concurring.
I concur in the affirmation but not in all of the reasons.
NOTES
[1] § 1102. Employee or employer suits against third persons causing injury; notice of filing

A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney's fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney's fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
(2) However, the employer or his insurer may not unreasonably refuse to approve a final, good faith settlement agreed upon and tendered to the employer or his insurer by the employee and the third party defendant. Refusal by the employer or his insurer to approve a good faith, final settlement will be prima facie unreasonable if the amount of the tendered settlement is greater than the discounted value of future compensation and medical benefits. If the employer's or his insurer's refusal is unreasonable,
(a) The employer's or his insurer's credit against future compensation due to the employee will be reduced by fifty percent of that portion of a subsequent judgment obtained against the third party defendant that is in excess of the tendered final good faith settlement offer and
(b) The employee will be entitled to reasonable attorney's fees from the employer or his insurer, which attorney's fees will be awarded considering only that portion of the judgment in excess of the tendered final good faith settlement offer.
(3) If the employee brings suit against more than one third party, limitation on the employer's or his insurer's credit as specified hereinabove, shall be applicable only to such third party tendering to employer or his insurer a final, good faith settlement with employee, and the limitation on the employer's or his insurer's will not be applicable to judgment secured by employee against any other third party.
(4) Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid.
[2] We are aware of the recent case of Wells v. K & B, Inc., 488 So.2d 222 (La.App. 4th Cir.1986), in which our brothers on the Fourth Circuit were faced with this same issue. Based on their finding that this statute concerns the procedure for the settlement of claims and prescribes the penalties against third parties who settle claims without the approval of the intervening employees, the court held this law is not substantive but procedural. Based on the reasons discussed above, we must respectfully disagree with this holding.