509 So.2d 1038 (1987)
Ibra MILLER, as Administrator of the Estate of Allen James Miller, and as Legal Tutor of the Minor, Michael James Miller, Plaintiff-Appellee,
v.
J.P. OWEN COMPANY, INC., et al., Defendants-Movers.
David A. LEGE, Plaintiff-Appellee,
v.
J.P. OWEN COMPANY, INC., et al., Defendants-Movers.
No. 86-1263.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Rehearing Denied August 12, 1987.
Roy, Carmouche, Alan K. Breaud, Lafayette, for defendant-relator.
Voorhies and Labbe, William Bass, Lafayette, John B. Scofield, of Scofield, Bergstedt, Plauche, Smith and Nieset, A. *1039 Lane Plauche, Lake Charles, Richard Putnam, Jr., Abbeville, for respondent.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
This litigation arises from a natural gas pipeline explosion which occurred on April 7, 1980. Allen James Miller and David J. Lege, two employees of Comeaux Welding, a division of Crain Brothers, Inc., were attempting to repair a portion of the pipeline when it ruptured. As a result of the rupture, Allen James Miller was killed and David J. Lege was severely injured. These lawsuits were filed in 1981 against J.P. Owen Company, Inc., Francis Erbelding, Admiral Insurance Company, Western World Insurance Company and Bellefonte Underwriters Insurance Company. American Mutual Liability Insurance Company (AMLICO), which is Crain Brothers' worker's compensation carrier, intervened in these suits for reimbursement of worker's compensation payments made to Lege and to Miller's family.
The suits were consolidated and trial was scheduled for May 13, 1985. On that date, defendants settled with plaintiffs without the consent or approval of the intervenor, AMLICO. AMLICO did not receive any credit, cash, or other consideration in the settlement reached between defendants and plaintiffs. AMLICO moved for and was granted a continuance of the trial. AMLICO then filed a motion for summary judgment seeking reimbursement from defendants for all worker's compensation benefits paid by the intervenor to plaintiffs. AMLICO asserted entitlement to such relief pursuant to La.R.S. 23:1102(C)(1) as amended by Act[1] of the first extra Legislative session of 1983 and by Act 852 of 1984. AMLICO's motion for summary judgment was heard by the trial court on November 3, 1986. The trial court denied AMLICO's motion holding that the amended provisions of La.R.S. 23:1102 could not be applied retroactively to these lawsuits. From this judgment AMLICO appeals. We affirm.
The sole issue presented on appeal is whether the amended provisions of La.R.S. 23:1102 are retroactive so as to allow an intervenor to automatically receive reimbursement of compensation and medical benefits paid when the third party does not obtain written approval from the employer or his insurer of a compromise with the plaintiff.
La.R.S. 23:1102 provides in pertinent part as follows:
"C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved."
According to the above statute, a third party defendant who settles without the intervenor's approval in effect confesses judgment in favor of the intervenor. The effective date of the statute as first amended, is July 1, 1983. Thus, the statute clearly applies to accidents occurring on or after such date. The accident from which this appeal arises occurred on April 7, 1980. The compromise agreement between plaintiffs *1040 and third party defendants occurred on May 13, 1985. Because the accident occurred before the effective date of the statute amendments, the question then becomes whether the amended provisions of the statute should be applied retroactively to that date. We find that they cannot.
AMLICO contends that La.R.S. 23:1102(C)(1) as amended to its present form is applicable because the compromise between plaintiffs and third party defendants occurred after the amendments. AMLICO supports this contention by citing Wells v. K & B, Inc., 488 So.2d 222 (La. App. 4th Cir.1986). In Wells, supra, the Fourth Circuit was faced with the very same issue. The court in Wells, supra, applied the amended La.R.S. 23:1102(C)(1) retroactively and stated that the application of law would not deprive anyone of substantive rights. The Fourth Circuit added that using the current language of La.R.S. 23:1102(C) does not affect a plaintiff's cause of action as a worker's compensation claimant, but that it only affects the procedure for the settlement of claims and specifically prescribes penalties against third parties who settle claims without approval of the intervening employer. Furthermore, the court in Wells, supra, concluded that the provisions of the amended La.R.S. 23:1102(C) are not substantive, but procedural and applies to pending suits. We respectfully disagree with this holding.
Under Louisiana law, there is a strong presumption against retroactive application of legislation. La.C.C. art. 8 provides: "A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts." Furthermore, La.R.S. 1:2 provides: "No section of the revised statutes is retroactive unless it is expressly so stated." Thus, according to La.R.S. 1:2, it is clear that unless the Legislature announces the retroactive application of a statute, it is to be applied prospectively.
We are aware that the results of the above principle may not necessarily conform with some of the past jurisprudence which has developed certain exceptions to the rule of prospectivity, however, a literal reading of La.R.S. 1:2 would eliminate these exceptions. The Legislature is free to announce a retroactive application, thus freeing the court from the need to make such a decision, unless there are constitutional problems involved. See: H. Alston Johnson, LegislationProcedure and Interpretation, 45 La.L.Rev. 341-356 (1985). Because the Legislature did not do so in this case, we find that retroactive application was not intended. Thus, La.R.S. 23:1102(C) as amended will not be retroactively applied to the instant dispute.
Even if this court were to entertain the thought of applying La.R.S. 23:1102(C) retrospectively provided that it fits within one of the jurisprudentially created exceptions, after a careful review of the statute we find that the statute does not fit any exception. The three exceptions to the general rule of prospectivity are laws which are procedural, remedial or curative. If a statute is procedural, remedial or curative, it may be accorded retroactive effect. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985). However, laws that are substantive in nature are to be applied prospectively.
A substantive law is a law which generally creates new rights where none previously existed. In our opinion La.R.S. 23:1102 is substantive in nature. The amended statute creates an obligation on the part of plaintiff to obtain approval of the employer for any agreement with third parties, thus withdrawing certain rights from plaintiffs and creating other rights to employers in the same action. Additionally, the statute as amended also creates an obligation on the part of a third party to obtain approval of an intervenor for any agreement with plaintiff, withdrawing certain rights from third parties and creating other rights to intervenors in the same action. Thus, because the amended statute creates new rights where none previously existed, we find that it is substantive in nature.[2] As *1041 such, this court is prohibited from applying the statute retroactively.
Accordingly, for the foregoing reasons, the Writ of Certiorari heretofore granted is recalled and the judgment of the trial court is affirmed at appellants' cost. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
I fully agree with the author of this opinion that the provisions of La.R.S. 23:1102, as first amended by Act 1 of the First Extra Session of 1983, are substantive and should not be retroactively applied. I further agree that it is not the date of the compromise that determines the law which should be applied but rather, the date when plaintiffs' rights to recover tort damages and worker's compensation benefits vested, i.e., April 7, 1980. It is clear to me that, under the circumstances present, the provisions of 23:1102, as amended, if applied retroactively, work to deprive plaintiffs of certain vested rights which they enjoyed under the former law, illustratively but not exclusively, the right to all compensation and medical benefits justly due as a result of their work-connected injuries, without regard to any duty or obligation to obtain employer-insurer approval prior to compromise with a third party defendant. Additionally, a casual reading of the statute, as amended, clearly reveals changes in the substantive rights of third party defendants, vis-a-vis, the employer-insurer and vice versa. For these reasons, I respectfully concur.
NOTES
[1] La.R.S. 23:1102 was further amended by Act 926 of 1985.
[2] For further support, see Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir. 1987) wherein the court expressly stated that La.R.S. 23:1102 was substantive in nature and would therefore be applied prospectively.