520 So.2d 1169 (1987)
Joyce RIEHM, Widow of Charles Riehm, Jr.
v.
Pullman KELLOGG, et al.
No. CA-8430.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Rehearing Denied March 16, 1988.
Writ Granted May 6, 1988.
*1170 Sheila C. Myers, Gertler, Gertler & Vincent, New Orleans, for plaintiffs-appellants.
Alan Dean Weinberger, Hammett, Leake & Hammett, Thomas E. Loehn, Samuel M. Rosamond, III, Boggs, Loehn & Rodrigue, New Orleans, George R. Blue, Jr., Blue, Williams & Buckley, Metairie, Alexander N. Breckinridge, IV, O'Neil, Eichin, Miller & Breckinridge, Glenn B. Adams, Paul M. Melancon, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants-appellees.
Stephen N. Elliott, Alison E. Roberts, Bernard, Cassisa, Saporito & Elliott, Metairie, James R. Logan, IV, Cornelius, Sartin & Murphy, New Orleans, Gerolyn P. Roussel, Carmouche, Gray & Hoffman, Baton Rouge, for third-party defendants-appellees.
Before GULOTTA, C.J., and SCHOTT and BYRNES, JJ.
GULOTTA, Chief Judge.
Plaintiff appeals from a summary judgment dismissing her suit for widow's benefits under the Louisiana Worker's Compensation Act for the loss of her husband, an insulation worker, who died of cancer caused by asbestos exposure. The trial judge dismissed the compensation suit because plaintiff had failed to notify the defendant employers and receive their approval before settling her third party tort claim in federal court against manufacturers of asbestos products. The basis of the dismissal was LSA-R.S. 23:1102(B), which requires a compensation claimant to forfeit his right to future compensation benefits if he fails to obtain his employer's approval of a third party tort settlement.
Appealing, plaintiff claims that LSA-R.S. 23:1102(B), which was enacted in 1983, is a substantive statute that cannot be retroactively applied to deprive her of her vested right to compensation benefits that arose upon her husband's death in 1982. On the other hand, defendants argue that the statute is procedural or remedial in nature and can be retroactively applied to plaintiff's claim. Alternatively, defendants claim that the statute was applied prospectively in the instant case because the tort suit was filed and compromised after the statute's effective date.
Charles Reihm died on August 29, 1982, after a 30 year career as an asbestos insulation worker for several employers. On February 24, 1983, his widow filed suit for compensation benefits against the employers, and later filed a tort action in federal court on July 28, 1983 against various manufacturers of asbestos insulation materials. She settled the tort suit in 1985 and 1986 for $360,000.00, without notifying and obtaining the prior approval of the employers *1171 and insurers named as defendants in the compensation suit.
McCarty Corporation, one of the defendant employers, filed a motion for summary judgment in the worker's compensation action. Relying on LSA-R.S. 23:1102(B), McCarty argued that since plaintiff had failed to obtain its approval to the compromise of the third party claim it was not liable to pay any compensation benefits to her until she paid McCarty 50% of the amount she had received in the tort settlement. The trial judge granted McCarty's motion and dismissed plaintiff's compensation claim against all defendants with prejudice.
LSA-R.S. 23:1102(A) provides that an employee or his dependent who files a tort action against third parties must notify the employer or its compensation insurer in writing to afford an opportunity to the compensation insurer to intervene for reimbursement of compensation benefits paid to the employee or his dependent.
LSA-R.S. 23:1102(B), which was enacted in 1983 and amended in 1985, requires the compensation claimant to forfeit the right to future benefits if the claimant fails to notify the employer and obtain the employer's approval before compromising the tort action:
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney's fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney's fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
LSA-R.S. 23:1102(C), which was also enacted in 1983 and amended again in 1984, provides that an employer or his compensation carrier who intervenes in a third party tort action that is later compromised without his written approval may require the third party tort defendant or insurer to reimburse him for compensation and medical benefits previously paid on behalf of the employee who did not repay those benefits out of the funds received in the compromise.
Whether a statute can be applied prospectively or retroactively depends on its nature. If the statute creates an obligation, it is considered substantive and is applied prospectively only. LSA-C.C. Art. 8; LSA-R.S. 1:2; Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985). On the other hand, if the statute relates to the form of the proceeding or the operation of the laws, it is procedural, remedial, or curative and can be applied retrospectively, unless the retroactive application would operate to disturb vested rights. Graham Sequoya Corp., supra; Lott v. Haley, 370 So.2d 521 (La.1979). A cause of action in favor of an injured party is a vested property right protected by due process. Lott v. Haley, supra.
In the instant case, the widow's cause of action arose upon her husband's death in 1982, and she filed suit for compensation benefits before the July 1, 1983 effective date of LSA-R.S. 12:1102(B). Nonetheless, in granting McCarty's motion for summary judgment, the trial judge was of the opinion that the issue was controlled by our decision in Wells v. K & B, Inc., 488 So.2d 222 (La.App. 4th Cir.1986), in which we had *1172 applied LSA-R.S. 23:1102(C), as enacted in 1983, to a case arising out of an injury that had occurred in 1981. In Wells, we held that LSA-R.S. 23:1102(C) was a procedural statute for the settlement of claims, and we applied the statutory penalty against third party defendants who had settled the injured employee's tort claim against them in 1984 without the approval of the intervening employer.
Although we were concerned with LSA-R.S. 23:1102(C) in Wells, the rationale in that case is applicable to LSA-R.S. 23:1102(B), which also concerns the procedure for settling of tort claims by an injured employee. LSA-R.S. 23:1102(B) specifically prescribes penalties against an employee who fails to notify his employer and its compensation carrier prior to a compromise or settlement. As such, it is a procedural law to enforce the employer's pre-existing right under LSA-R.S. 23:1102(A) to receive notice of third party tort suits by the employee. LSA-R.S. 23:1102(B) simply provides a means of enforcing a pre-existing right rather than creating a new one. See Coates v. Owens-Corning Fiberglas Corp., 444 So.2d 788 (La.App. 4th Cir.1984); Hatch v. Acadiana Bank & Trust Co., 488 So.2d 437 (La.App. 3rd Cir.1986).
In so holding, we reject plaintiff's argument that applying the penalty of LSA-R.S. 23:1102(B) will deprive her of a vested right to her cause of action in worker's compensation. Plaintiff's compensation cause of action arose upon her husband's death in 1982, and she timely asserted it by filing her claim for widow's benefits. Nonetheless, a plaintiff is required to abide by reasonable procedural rules (such as discovery requirements and trial deadlines) or run the risk of having her cause of action dismissed or penalized in some way. By violating the notice requirements of LSA-R.S. 23:1102(B), plaintiff forfeited her right to future compensation in excess of the tort settlement. LSA-R.S. 23:1102(B) does not deprive plaintiff of her vested right to seek compensation, but rather sets forth an orderly procedure for settling tort claims that arise out of work related injuries.
Significantly, LSA-R.S. 23:1102(B) became effective on July 1, 1983, almost a month before plaintiff filed her tort suit on July 28 and some two years before she ultimately settled that suit. Plaintiff was charged with knowledge and risked the penalty of forfeiture of her right to future compensation by settling her tort suit without complying with the provisions of LSA-R.S. 23:1102(B). The statute clearly applies to a tort suit settlement made after the effective date of the statute, even though plaintiff's worker's compensation claim arose before its effective date.
We are aware that our decisions in the instant case and in Wells, which interpret LSA-R.S. 23:1102(B) and (C) as procedural statutes, are in conflict with the reasoning of our learned bretheren of the Third and Fifth Circuits, who have held these provisions to be substantive laws. See Miller v. J.P. Owen Co., Inc., 509 So.2d 1038 (La. App. 3rd Cir.1987); Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir.1987). For the reasons assigned in Wells and expressed herein, however, we respectfully disagree with the Miller and Babin opinions.
Accordingly, we affirm the summary judgment of dismissal.
AFFIRMED.
BYRNES, J., dissents with reasons.
BYRNES, Judge, dissenting.
I cannot agree with the majority's conclusion regarding the application of R.S. 23:1102(B) to the facts of this case. All causes of action in this case, both for compensation and tort, arose at the time of injury or death. Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La.1975). This was indisputably before any of the relevant amendments to R.S. 23:1102(B).
I would therefore reject the argument that the amended version of R.S. 23:1102(B) applies to this case on the theory that the tort suit was filed and the compromise reached after the effective date of the amendments. Rights vest when the cause of action arises, not when suit is filed. The majority acknowledges this as regards the *1173 compensation claim, yet finds it significant that the tort claim was asserted and compromised after the effective date of the amendments. I see no significance to this fact. The cause of action in tort arose before the effective date of the amendments and the substantive law in effect at that time should control.
I also disagree with the majority's conclusion that the amendments to R.S. 23:1102(B) are procedural rather than substantive. As the majority correctly points out, substantive laws create new obligations or rights were none previously existed. In my opinion the amendment to R.S. 23:1102(B) did just that. It created an obligation on the part of plaintiffs to obtain written consent from the employer and his compensation insurer before settling third party tort claims. It also gave rise for the first time, to a right in favor of employers. That right being the right to not pay compensation to those employees who do not fulfill the new obligation created by the amendments to obtain consent before settling third party tort claims. I do not subscribe to the reasoning in Wells v. K & B, 488 So.2d 222 (La.App. 4th Cir.1986), and would overrule the case.
For the foregoing reasons I dissent from the majority opinion and would reverse the judgment of the trial court.