536 So.2d 713 (1988)
Johnny RAMOS and Cynthia Ramos, Plaintiffs-Appellants,
v.
SOUTHWEST LOUISIANA ELECTRIC MEMBERSHIP CORPORATION, et al, Defendants-Appellees.
No. 87-950.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
St. Martin, Lirette, Gaubert & Shea, Denis J. Gaubert, III, Houma, Voorhies & Labbe, James P. Lambert, Lafayette, for plaintiffs-appellants.
Henderson, Hanemann & Morris, Philip E. Henderson, Houma, Michael S. O'Brien, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara, Frank Neuner, Lafayette, Landry, Watkins & Bonin, Alfred S. Landry, New Iberia, William G. Tabb, III, McGlinchey, Stafford & Mintz, C.G. Norwood, New Orleans, Haik & Minvielle, Michael Baham, New Iberia, Preis, Kraft, Laborde & Daigle, Edwin G. Preis, Lafayette, for defendants-appellees.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
The plaintiffs-appellants, Johnny Ramos and Cynthia Ramos have appealed the District Court's ruling granting a motion for summary judgment in favor of the intervenor/appellant *714 Aetna Casualty & Surety Company, the worker's compensation carrier for the plaintiffs' employer, Delmar Systems, Inc. The sole issue presented on appeal is whether the Trial Court erred in ruling that La.R.S. 23:1102, as amended, effective July 1, 1983, applies retroactively to a September 23, 1986 compromise agreement between the plaintiffs and a former defendant, Dresser Industries, Inc., where the plaintiffs' cause of action arose on January 12, 1983 (prior to the statute's effective date).

FACTS
On January 12, 1983, while working for Delmar Systems, Inc. (Delmar), in Youngsville, La., the plaintiff, Johnny Ramos, sustained massive injuries when the boom of a mobile crane he was operating came into contact with a high voltage power line. Aetna Casualty & Surety Company (Aetna), the worker's compensation carrier for Delmar, paid the plaintiff a total of $232,671.46 in compensation benefits, consisting of $35,904.00 in indemnity payments and $196,767.46 in medical expenses.
On February 10, 1983, Johnny and Cynthia Ramos filed this suit based on the aforementioned accident, naming several defendants and their insurers. Included in this list of defendants were Dresser Industries, Inc. (Dresser), and the Southwest Louisiana Electric Membership Corporation (SLEMCO). Certain defendants were eventually dismissed, and on April 21, 1986, the plaintiffs entered into a compromise agreement with three of the four remaining defendants. In May, 1986, Aetna entered into a separate, independent settlement agreement for approximately $100,000.00 with SLEMCO, one of the three defendants who settled with the plaintiffs.
On the morning of the trial, September 23, 1986, the plaintiffs entered into a verbal agreement to compromise and settle their claim for $150,000.00 with Dresser, the last remaining defendant. The verbal agreement was dictated into the District Court record and a formal written settlement agreement was signed on October 15, 1986. Aetna refused to consent to the settlement agreement and, subsequently filed a motion for summary judgment, claiming that under La.R.S. 23:1102(C)(1),[1] because the plaintiffs and Dresser's settlement was without Aetna's consent, Aetna was entitled to a payment of $232,671.46 from Dresser. After concluding that under Wells v. K & B, Inc., 488 So.2d 222 (La. App. 4th Cir.1986), La.R.S. 23:1102(C)(1) was applicable to this settlement agreement, the Trial Court ordered Dresser to pay Aetna $232,671.46, less a credit of $102,000.00. The plaintiffs have appealed this ruling.

RETROACTIVITY OF THE 1983 AMENDMENT
The plaintiffs argue that the Trial Court erred in concluding that La.R.S. 23:1102(C)(1) applied to this settlement agreement because the plaintiff's accident occurred on January 12, 1983, more than six months prior to the statute's effective date, July 1, 1983. The plaintiffs argue that the statute is substantive and hence, was intended to be prospective and should apply only to settlement agreements resulting from causes of action which arose after the statute's effective date.
In Miller v. J.P. Owen Co., Inc., 509 So.2d 1038 (La.App. 3rd Cir.); writ denied, 514 So.2d 455 (La.1987), this Court addressed *715 the exact issue presented in this case. In Miller, we concluded that the 1983 amendments were prospective in nature as they clearly provided substantive rights to the employer and to potential intervenors that had previously not existed and withdrew rights the injured employee possessed prior to the 1983 amendments. While we are aware that the Fourth Circuit, in Wells v. K & B, supra, has reached a contrary result, we note that the Fifth Circuit has also concluded that the 1983 amendments to La.R.S. 23:1102 should be applied prospectively only. See Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir.1987).
As we have already determined in Miller that the 1983 amendments do not apply to settlement agreements resulting from a cause of action which arose prior to the statute's effective date, the ruling by the Trial Court should be reversed. However, in its brief, Aetna has raised arguments for the applicability of the 1983 amendments that were not addressed in Miller. Aetna has asked this Court to reconsider its ruling in light of these arguments and to hold that the 1983 amendments do apply to this settlement agreement.
Aetna contends that the 1983 amendments should be applied retroactively as they are clearly remedial or corrective in nature. Aetna argues that the statutes were enacted to reverse the holdings of two Supreme Court decisions: Crabtree v. Bethlehem Steel Corp., 284 So.2d 545 (La. 1973); and Verbois v. Howard, 322 So.2d 110 (La.1975). Aetna asserts that in these cases the Supreme Court erroneously interpreted La.R.S. 23:1101 through 1103, the statutes then in force controlling this area of the law.[2] Aetna claims that as the 1983 amendments clearly reverse these cases, the statutes were designed to correct the error of the Surpeme Court and should be retroactively applied.
After reviewing the cited Supreme Court cases and the contemporary state of the law, we conclude that Aetna is incorrect in asserting the the Supreme Court erroneously interpreted the applicable statutes as they were then enacted. In Crabtree, supra, *716 a widow whose husband died in a work-related accident had her remaining worker's compensation benefits terminated by the husband's former employer after she settled with the tortfeasor for an amount that exceeded the remaining benefits owed by the employer. She sued for her remaining benefits claiming that, under the clear language of La.R.S. 23:1103[2], her compromise had no effect on the employer's right of reimbursement against the tortfeasor. Therefore, she asserted that since the employer retained a right of full recovery against the tortfeasor, the compromise should have had no adverse affect on her right to complete worker's compensation benefits. The Supreme Court agreed and held that the employer could not receive credit against its compensation liability for an amount an employee receives as a result of a compromise of a tort claim with a third person particularly when, as in this case, the employer never intervened in the action against the third person.
In Verbois, supra, the Supreme Court granted supervisory writs and reversed the Trial Court's order annuling a compromise agreement between the plaintiffs and the defendants. The compromise had been set aside on a rule to show cause filed by the intervenor, the worker's compensation carrier for the plaintiff's employer. The Intervenor had argued that under La.R.S. 23:1101-1103, their claim against the tortfeasor was so intricately interwoven with the plaintiff's main demand that their claim against the tortfeasor had to be tried together and hence, the plaintiff could not settle with the tortfeasor without the consent of the intervenor. Again, the Court ruled that under the express language of La.R.S. 23:1103[2], the intervenor's rights to recover all damages from the defendant in a separate cause of action had not been prejudiced. Hence, the intervenors had no authority to obtain an annulment of the plaintiff and defendant's settlement agreement and require the plaintiff to try the case with the intervenor.
Our review of the pre-1983 law indicates that the Court did not err in its interpretation of La.R.S. 23:1101-1103. The Court's holdings were based on specific, non-ambiguous language in the statute; in particular Section 1103[2]. While a strained interpretation of the wording used in other areas of the statute provided a plausible basis on which the defendant in Crabtree and the intervenors in Verbois could have asserted their positions, the Supreme Court reviewed the statute in its entirety and, chose to follow language that was clear, applicable and dispositive.
The 1983 amendments to La.R.S. 23:1102, as enacted, did address factual situations presented in Crabtree and Verbois, but, contrary to Aetna's assertion, we do not find that the amendments were enacted to clarify the law. Instead, we find that the amendments were intended to change the law so as to achieve the results that had been advocated by the defendant in Crabtree and the intervenor in Verbois. Hence, we again conclude that the 1983 amendments are substantive and thus, can only be applied prospectively to those causes of action which arose after July 1, 1983. Therefore, the amendments are not applicable to this settlement agreement.
For the foregoing reasons the ruling of the District Court granting summary judgment in favor of Aetna is reversed.
Costs on appeal are assessed against the intervenor, Aetna.
REVERSED AND RENDERED.
NOTES
[1] La.R.S. 23:1102(C)(1), effective July 1, 1983, provides:

(C). (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
[2] La.R.S. 23:1101 provided:

"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury."
"Any employee having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent."
La.R.S. 23:1102 provided:
"If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."
La.R.S. 23:1103 provided in full:
"[1] In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per anum, and shall be satisfied by such payment.
"[2] No compromise with such trial person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him." (As amended by Act 109 of 1958, which deleted the employer's former right to recover attorney's fees additional to the sums actually paid.)