PLOTKIN, Judge.
The defendant, Travelers Insurance Company, appeals the granting of a motion for summary judgment in favor of Liberty Mutual Insurance Company. Liberty Mutual sought to recover worker’s compensation payments made to the plaintiff, Ralph Per-illoux. We affirm that part of the summary judgment that found Traveler’s Insurance Company liable and allowed Liberty Mutual to recover payments from a third-party defendant. We reverse that part of the summary judgment that determined the amount of damages, since we find that genuine issues of material fact remained. We remand to the trial court for determination of damages.
FACTS
This suspensive appeal arises out of an accident on January 17, 1983, in which plaintiff Perilloux was injured while working on the Intercontinental Hotel job site. Perilloux was employed by Lafayette Plastering Company, a subcontractor. Liberty Mutual, the worker’s compensation insurer for this company, paid the plaintiff compensation benefits.
Howard P. Foley Company was another subcontractor on the same project. Peril-loux filed a tort suit in May, 1983 against this company and its insurer, Travelers, arguing that Foley Company created a hazardous condition on the job site, which caused his injury. Liberty Mutual inter *998 vened in the tort action seeking to recover the compensation benefits that it paid.
On March 8, 1985, the morning of the tort trial, Perilloux and Travelers Insurance Company confected a settlement, without the consent of Liberty. The intervention was not compromised causing the trial on this issue to be continued. Liberty, thereafter, continued to pay benefits to Perilloux until the compensation claim was settled in early 1987.
Liberty Mutual subsequently filed a Motion for Summary Judgment to recover the total amount of worker’s compensation benefits paid to the plaintiff, and for enforcement of the penalty provisions of R.S. 23:1102(0) against a third-party defendant. Liberty’s motion for summary judgment was granted against Travelers, awarding it $88,278.76. This amount included $24,-687.54 previously paid at the time of Liberty’s intervention in the tort suit on January 18, 1984. The remaining sum of $63,591.22 included payments made through the date of settlement of the worker’s compensation claim.

Retroactive Application of Amendments to Worker’s Compensation Law

The central issue in the case is whether the July 1, 1983 amendments to the worker's compensation law are to be applied retroactively. LSA-R.S. 23:1102(0), enacted in 1983 and amended again in 1984, provides that an employer or his compensation carrier who intervenes in a third-party tort action which is subsequently compromised without the inter-venor’s written approval may require the third-party defendant or insurer to reimburse the intervenor for compensation and medical benefits paid on behalf of the employer.
In the case at bar, Travelers, the insurer for the third-party defendant, argues that the statute is substantive in nature and must be applied prospectively only. On the other hand, the intervenor, Liberty, contends that the" statute is procedural or remedial in nature and can be retroactively applied to its claim against Travelers.
If the amended worker’s compensation law created substantive rights that had not previously existed for any party, the law should be applied prospectively only. Careful analysis, however, clearly indicates that under the pre-1983 worker’s compensation law, the identical substantive rights of all parties were present. LSA-R.S. 23:1102 mandated that the employee notify the employer if suit had been filed against a third party. LSA-R.S. 23:1103 provided that if the employer intervened in the tort suit and damages were recovered, those damages would be apportioned with the compensation already paid receiving preference. Additionally, LSA-R.S. 23:1103 provided that no compromise would be binding on any party unless it was assented to by that party.
If there was no notice of compromise to an intervening employer, no method of enforcement to collect payments from the third-party defendant was authorized by the pre-1983 worker’s compensation law. However, the 1983 amendments created a manner to implement the intervenor’s existing right of collection.
This court has previously examined the nature of the changes produced by the 1983 amendments and found those changes to be procedural. We held that LSA-R.S. 23:1102(C) was a procedural statute for the settlement of claims and applied the statutory penalty retroactively against third-party defendants who had settled the injured employee’s tort claim without the prior approval of the intervening employer. Wells v. K. & B., Inc., 488 So.2d 222 (La.App. 4th Cir.1986). Applying the same rationale in Riehm v. Kellogg, 520 So.2d 1169 (La.App. 4th Cir.1987), this court found that LSA-R.S. 23:1102(B) was also procedural as it concerned the settling of a tort claim by an injured employee. In Riehm, the court stated that LSA-R.S. 23:1102(B) was simply a procedural law to enforce the employer’s pre-existing right and did not create a new one. Id. at 1172.
The Wells case considered the same statute at issue in the case at bar. In Wells, this court reversed the denial of a motion for summary judgment, holding that the 1983 amendments were procedural and should be applied retroactively. The injury *999 and filing of the tort suit occurred prior to July 1983. The compromise occurred after the new law went into effect. This court found that the new law did not affect the plaintiffs cause of action as a worker’s compensation claimant. The court held that the amendments concerned only the procedure for settlement of claims and specifically prescribed penalties against third parties who settled claims without the prior approval of an intervening employer.
Applying Wells to the case at bar, the summary judgment on the issue of liability was correctly granted. In Wells, the time sequence was identical to this case. Although the injury and filing of the suit occurred before July 1983, the compromise occurred over two years later. Since Liberty had intervened in the tort suit and had not been notified or approved of the compromise, the amendments to LSA-R.S. 23:1102 permitted Liberty to make its claim for payments it had paid.
The defendant-appellant argues that Wells was incorrectly decided and should be overturned. The defendants rely on two more recent cases from other circuits which clearly disagree and question Wells. They hold that the 1983 amendments are substantive and merit only prospective application.
In Babin v. Saturn Engineering Corporation, 501 So.2d 857 (La.App. 5th Cir.1987), the court found that the amendment created an obligation on the part of the employee or the insurer to obtain approval of any compromise. Therefore, the court decided that the new law was substantive. The court respectfully disagreed with Wells in footnote 2 of that opinion.
The Third Circuit held that an injured employee and third party were not required to obtain the consent of the employer for settlement arising out of an accident which occurred prior to the enactment of the 1983 amendments. Ramos v. S. W. La. Elec. Membership Corp., 536 So.2d 713 (La.App. 3d Cir.1988). The court found that the amendments did more than just clarify the law, actually effectuating changes in prior compensation statutes such as allowing an employer credit against its compensation liability for an amount an employee receives as a result of a compromise. The court noted awareness of the Wells decision but stated agreement with the Fifth Circuit in Babin. Id. at 715.
We respectfully disagree with our brothers of the Fifth and Third Circuits and reaffirm this circuit’s previous decisions on the retroactivity of the amendments. The changes that concerned the other circuits actually provided only remedial clarifications of the existing law. The amendments are simply corrective procedural changes, and thus not limited to prospective application. All parties have the same rights as under the old law. The amendments seek to enforce the employer’s preexisting right to receive notice of third-party tort suits and to enforce the preexisting right of collection by the intervenor.
Therefore, we would enforce, retroactively, the right of the intervenor to recover payments from the third-party defendant. Pursuant to La.C.C.P. art. 1915 which allows for a partial final judgment, we affirm that part of the summary judgment which establishes the liability of the insurer for the third-party defendant. Amount of award
A collateral issue raised by the defendant is whether the amount of past paid benefits ($88,278.76) awarded to Liberty was correctly calculated. This amount includes all compensation payments made to the plaintiff, embodying those paid after the compromise of the tort claim. The defendant argues that the amount is limited to the benefits paid at the time of compromise and the intervenor cannot recover the compensation benefits that it paid after the settlement.
LSA-R.S. 23:1102(C) provides in part as follows:
(1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the *1000 total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee’s claim for future compensation or medical benefits shall be reserved. (Emphasis added.)
(4) Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid. (Emphasis added.)
The express language of Section (C)(1) allows the compensation insurer to receive reimbursement for benefits previously paid from the third-party defendant when it does not get prior approval of a settlement reached with a plaintiff-employee. Section (C)(4) retains the compensation insurer’s right to seek reimbursement for future benefits. Thus, we find that Liberty had the statutory right to seek the amount of reimbursement of all benefits it paid to plaintiff.
The defendant contends that the provisions of Section (C)(1) should be strictly construed and recovery limited to benefits previously paid. We decline to fashion such an ad hoc rule, considering the procedural facts of this case. Additionally, under worker’s compensation law the compensation insurer always had the right to seek reimbursement from the third-party defendant. LSA-R.S. 23:1101; 23:1102(0(4). Procedurally, the tort suit was continued as to Liberty as intervenor and Travelers as defendant. Therefore, Liberty was exercising its right to pursue reimbursement for past and future benefits under the law.
It is undisputed that the trial court has the discretion to grant a summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. However, the defendant argues that genuine issues of material fact remain on the issue of amount of damages. We agree.
LSA-R.S. 23:1102(C)(1) provides Liberty with de facto reimbursement through the time of final settlement. However, nothing in the record indicates this exact amount. All we know is that the amount petitioned for at the time of intervention on January 18, 1984 was $24,687.54 and that the total amount of benefits paid through early 1987 was $88,278.76. We do not know the amount paid between intervention and settlement on March 8, 1985. This fact must be determined by the trial court.
Additionally, we agree with the defendant that the close proximity of the previous compensation claim involving the same plaintiff and compensation insurer gives rise to a genuine issue of material fact as to the relationship between the accident in this case and the injuries sustained. Even with the harsh penalty mandated by LSA-R.S. 23:1102(C)(1), we do not find that the statute was intended to make the third party liable for any or all previous injuries that may have extended the compensation coverage or increased the amount of injuries not caused by or aggravated by the accident of January 17, 1983.
We can foresee the case where the parties have stipulated to all factual issues and no genuine issues of material fact remain. Under such a scenario, the summary judgment could correctly award all benefits paid by the insurer, including those paid after any non-consensual settlement. However, because we find that genuine issues of material fact exist, we remand *1001 this case on the issue of damages. La.C. C.P. art. 1915.
For the above and foregoing reasons, we affirm the summary judgment on the issue of liability. We reverse the summary judgment on the issue of damages and remand the case for further proceedings in accordance with the principles expressed herein.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.