WATKINS, Judge.
This is an action brought by the non-dependent surviving parents of a major son who was unmarried to recover death benefits under an amendment to the Louisiana Workmen’s Compensation statute enacted by Act 509 of the 1980 Regular Session of the state legislature. Under that amendment, which took effect sixty days after final adjournment of the legislature by effect of Article III, Section 19 of the Louisiana Constitution of 1974, or on September 12, 1980, no effective date having been prescribed by the legislature, each non-dependent surviving parent of a child may recover the sum of $20,000.00 as exclusive workmen’s compensation for that child’s death. The child died before Act 509 took effect. Before Act 509 took effect, no right to recover workmen’s compensation in such a situation existed. Both sides in the present case filed motions for summary judgment. Summary judgment was granted in favor of defendants, dismissing plaintiffs’ action with prejudice. We affirm.
Plaintiffs, Norman Breazeale and Margaret Breazeale, are the surviving non-dependent parents of Norman Breazeale III, a major at the time of his death. Mr. Breaz-eale III was critically injured on August 1, 1980, when a tire he was working on exploded in the course and scope of his employment by O’Keefe Tire and Service, Inc. Mr. Breazeale III died on August 21, 1980, without issue. His parents brought the present action against O’Keefe Tire and Service, Inc. and National Fire Insurance Company, O’Keefe’s workmen’s compensation carrier, erroneously designated as CNA Insurance in plaintiffs’ petition. The basis of plaintiffs’ suit is Act 509 of 1980, which took effect after the son’s death, and which amended LSA-R.S. 23:1231 to read as follows:
“For injury causing death within two years after the accident, there shall be paid to the legal dependent of the em *28 ployee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
“However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.”
The sole question presented to us for consideration, aside from the effective date of Act 509 of 1980, which we have determined above, is whether or not Act 509 should be accorded retroactive effect.
LSA-C.C. art. 8 sets forth the general rule on the retroactivity of statutes in this civilian jurisdiction. That article reads as follows:
“A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.”
There are a number of exceptions to the general rule. In certain limited cases, as was recognized by Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978), statutes are accorded retroactive effect in this state:
1. Laws that are merely interpretative of existing legislation;
2. Laws that suppress or lessen penalties;
3. Laws that the legislature has expressly or impliedly declared to be retroactive.
In support of this determination, Ardoin cites 1 M. Planiol, Civil Law Treatise, Nos. 249-252 (La.St.L.Inst.Trans1.1959), and A. Yiannopoulos, Civil Law System, 68 (1977).
It is apparent that exceptions 2 and 3 listed above have no application. With respect to exception 1., as is explained by Mr. Yiannopoulos, statutes are interpretative only if they interpret existing rights and duties, rather than establishing a new right or duty.
Before Act 509 of 1980 took effect, surviving non-dependent parents of a worker who died could not recover compensation benefits. Thus, Act 509 established a new right to compensation benefits in favor of parents, which had not existed earlier. Act 509 is not interpretative, as no right to workmen’s compensation under the present circumstances had existed before. Hence, the present case does not fall under any of Ardoin exceptions to the general rule of LSA-C.C. art. 8 forbidding retroactive application of statute, as the statute is not interpretative, nor does it lessen penalties, nor did the legislature expressly or impliedly give it retroactive effect.
A number of other exceptions to the rule of non-retroactive application of statutes have been recognized by the courts of this state:
1. Statutes that are curative in the sense they remove past disabilities in order to effect the true intent of the legislature. Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961).
2. Statutes that are procedural. See Ardoin, supra.
3. Statutes that are remedial. See Paulsen v. Reinecke, 181 La. 917, 160 So. 629 (1935).
Act 509 is not curative, as it does not remove past disabilities. Before that act was passed, non-dependent parents had no right at all to workmen’s compensation. The ease was not simply one of a removal of a disability barring the exercise of a right, as in Fullilove, but of the creation of a new right where none existed before. Hence, the statute is not curative.
Act 509 is obviously not procedural, as it confers a substantive right, viz., the right to compensation benefits.
*29 Act 509 is not remedial, as, under the express holding of Paulsen v. Reinecke, supra, a statute is not remedial if it creates a right where none existed before. Here, as we have emphasized, no right existed before.
Counsel for appellants has made quite an able and scholarly effort to establish his position that Act 509 should be applied retroactively. However, as we have stated, LSA-C.C. art. 8 establishes a general rule or principle forbidding retroactive application of legislative enactments, and Act 509 of 1980 falls within none of the recognized exceptions to this rule or principle. Hence, although we feel great sympathy for the parents of Norman Breazeale III for the tragic loss of their son, we cannot find a right to have existed at the time of death where there was none. Hence, we hold summary judgment was properly granted in favor of defendants.
The judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.