527 So.2d 1102 (1988)
James YOUNG, et al.
v.
AMERICAN HOECHST CORPORATION, et al.
No. CW 87 1830.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Elwood Stevens and Alan L. Schwartzberg, Morgan City, and Allan Kanner, Philadelphia, Pa., for plaintiffs.
Stephen W. Glusman, Baton Rouge, and Andrew Podolnick and Joseph E. LeBlanc, New Orleans, for defendants.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs (104 residents of Scotlandville, Louisiana) applied for a Writ of Review of the judgment dismissing their claims for exemplary damages under La.Civ.Code art. *1103 2315.3 against defendants, American Hoechst Corporation (AHC) and the Louisiana & Arkansas Railway Company (L & A).
Plaintiffs allege that they sustained injuries and damages from exposure to styrene monomer vapors which escaped from an AHC tank car near their homes on July 22, 1983. Plaintiffs sued defendants on July 20, 1984. Included in the petition is a claim for exemplary damages pursuant to La.Civ. Code art. 2315.3,[1] which became effective on September 4, 1984. Defendants moved to have plaintiffs' claims for exemplary damages dismissed on the grounds that art. 2315.3 is not retroactive in application. The trial court agreed with defendants, and on December 23, 1987, plaintiffs' claims for exemplary damages were dismissed. Plaintiffs applied for writs to this court, which were granted.
The issue now before the court is whether La.Civ.Code art. 2315.3 should be applied retroactively thereby allowing plaintiffs' claims for exemplary damages in this case or whether the article should be applied prospectively only, thereby barring plaintiffs' claims under the article.
The issue turns on the appropriate construction of the language in article 2315.3 as either substantive or procedural in nature. Substantive acts are generally defined as those which create, confer, define or destroy rights, liabilities, causes of action or legal duties. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Hawn Tool Company v. Crystal Oil Company, 514 So.2d 636, 639 (La.App. 2d Cir.1987).
In Manuel v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App. 3d Cir.1961), cert. denied, March 16, 1962 (unpublished), the court interpreted a statute which amended La.Civ.Code art. 2315 to give a cause of action to major children for the wrongful death of their parents. The court concluded the statute was substantive in nature as it provided a cause of action where before there had been none, and for that reason it was not subject to retroactive application. The court recognized that a statute which is remedial or procedural and which also has the effect of making a change in the substantive law must be construed to operate prospectively only.
La.Civ.Code art. 2315.3 provides for a cause of action for exemplary damages in cases where a defendant has wantonly or recklessly disregarded public safety in the storage, handling or transportation of hazardous or toxic substances. No cause of action existed for exemplary damages in such a case prior to the effective date of the article.
Clearly, if a statute merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural. However, if the act creates a new obligation where no such obligation existed before, it is substantive. River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 444 So.2d 1260, 1267 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1223 (La.1984).
Plaintiffs argue that art. 2315.3 merely provides a remedy for a previously existing obligationthat of making reparation to those who have suffered due to negligent handling of hazardous substancesand therefore that the remedy provided by art. 2315.3 should be applied to damages sustained before its passage. We cannot agree with plaintiffs' argument. Art. 2315.3 creates an obligation by expressly declaring the existence of a liability where there was none before and opens the way to a recovery for its violation.
In our opinion, La.Civ.Code art. 2315.3 creates, defines and regulates rights. Therefore, we conclude that art. 2315.3 makes changes in the substantive law of this state, and that it may not be applied retrospectively unless the words *1104 employed by the legislature show a clear intention that the article should have a retroactive effect. La.Civ.Code art. 6.[2] Since the legislature did not expressly indicate that La.Civ.Code art. 2315.3 was to be applied retroactively, we hold that art. 2315.3 may apply prospectively only.
For the foregoing reasons, the trial judge was correct in dismissing plaintiffs' claims for exemplary damages. Therefore, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 2315.3 provides:

In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.
[2] Formerly La.Civ.Code art. 8.