KNOLL, Judge.
In this community property case, we are called upon to decide whether the trial court erred in classifying a pickup truck as a community asset even though the funds used to purchase it during marriage were derived from the husband’s settlement of a worker’s compensation claim which pre-dat-ed the marriage.
The trial court considered the pickup truck as a community asset because it found it impossible to determine, without further documentation, what were separate funds.
Although the record is not well developed, we were able to glean the following facts. Leonard Sepulvado and Christell Sepulvado were married on November 23, 1981. Sometime in 1982, the record does not establish the exact date, Leonard Sepul-vado received a $19,000 settlement for a worker’s compensation injury he suffered sometime prior to marriage. Later, Leonard Sepulvado purchased a 1985 Silverado pickup truck. In the spring of 1988 Leonard and Christell physically separated, and *713 on February 14, 1989, they were legally divorced. Christell then initiated this litigation to divide the parties’ community property.
Leonard suspensively appeals, contending that the Silverado pickup truck should not be considered a community asset because it was purchased with his separate funds.
LSA-C.C. Art. 2341 provides:
“The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.”
It is well settled that where an injury has occurred for which the injured party has a cause of action, such action is a vested property right. Young v. Young, 549 So.2d 437 (La.App. 3rd Cir.1989). In the case sub judice, Christell does not dispute that Leonard suffered a work related injury prior to their marriage. Accordingly, it is clear that Leonard’s cause of action for worker’s compensation constituted property acquired by him prior to the establishment of a community property regime.
Despite this, the trial court found that there was insufficient documentation to support Leonard’s claim that the pickup truck was separate property. We can see how the trial court may have been led to this conclusion, because the record is void of any specifics surrounding the work accident and the settlement. Nevertheless, for reasons which follow, we find that the trial court erred.
A judicial confession is a party’s explicit admission of an adverse factual element. Young, supra. The effect of a judicial confession is to waive evidence as to the subject of the admission. Crawford v. Deshotels, 359 So.2d 118 (La.1978).
In the present case, Christell admitted under cross-examination that Leonard purchased the Silverado pickup truck with the proceeds of his worker’s compensation settlement. In fact, Christell stated that the only thing purchased with the worker’s compensation settlement was the Silverado pickup truck. Accordingly, we find it of no moment that Leonard failed to offer further documentation of the facts surrounding the settlement of his premarital worker’s compensation claim. Christell admitted the source of the funds used to purchase the pickup truck. Therefore, under the explicit provisions of LSA-C.C. Art. 2341, the Silverado pickup truck was Leonard’s separate property. Young, supra; see also Broussard v. Broussard, 340 So.2d 1309 (La.1976).
In making this determination, we note that Christell made no assertions that the settlement proceeds were significantly commingled with community funds or that fruits generated by the worker’s compensation settlement were used in the purchase.
For the foregoing reasons, the judgment of the trial court is reversed so far as it held that the 1985 Silverado pickup truck was community property, and affirmed to the extent that the other items listed are considered community property with a value as found by the trial court.
The judgment is recast as follows: IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of defendant, Christell Sepulvado, and against the plaintiff, Leonard Sepulva-do, representing her interest in the community property, in the full sum of two thousand two hundred fifty and no/100 ($2,250) *714 Dollars, evidenced by a promissory note in favor of defendant. Said note bearing legal interest from September 1, 1989, until paid, and payable in twenty-four (24) equal monthly installments.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the chattel mortgage pursuant to the judgment of the trial court dated October 26, 1989, is ordered cancelled, and Leonard Sepulvado’s separate ownership of the 1985 Silverado Pickup is hereby recognized.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Leonard Sepulvado is hereby recognized as the owner of all the community property formerly existing between Leonard Sepulvado and Christell Sepulvado.
Costs of the trial court are divided equally between the parties. Costs of appeal are assessed to Christell Sepulvado.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.