602 So.2d 40 (1992)
Kathleen CROWLEY, Plaintiff-Appellee,
v.
The CITY OF LAFAYETTE, Defendant-Appellant.
No. 90-1139.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Writ Granted June 26, 1992.
*41 Voorhies & Labbe, Michael D. Hebert, Lafayette, for defendant-appellant.
Sera H. Russell, III, Lafayette, for plaintiff-appellee.
*42 Before DOMENGEAUX, C.J., STOKER, DOUCET and LABORDE, JJ., and PATIN[*], J. Pro Tem.
LABORDE, Judge.
This case arises from a worker's compensation claim made by plaintiff, Kathleen Crowley, against her employer, the City of Lafayette. Plaintiff claims the settlement award she received from the third party tortfeasor was for general damages and thus, the City of Lafayette is not entitled to a credit for future worker's compensation and medical benefits. The trial court ruled in favor of the plaintiff and the City of Lafayette appeals asserting five assignments of error.

FACTS
In September 1987, plaintiff (Crowley) was struck by an automobile while working for the City of Lafayette (City). Crowley received worker's compensation and medical benefits until September 1989 when she settled her claim against the tortfeasor, Robert Jenkins and his insurer. This tort action was entitled Kathleen Crowley v. Robert Jenkins, et al. docket number 88-4844-K of the Fifteenth Judicial District Court in and for the parish of Lafayette, Louisiana. Crowley received $85,547.75 and the City received $39,452.25 for 100% reimbursement of all worker's compensation and medical benefits paid to Crowley. This settlement was stipulated to in open court.
After this settlement, the City refused to pay any more compensation or medical benefits to Crowley claiming it was entitled to a credit up to the amount of the excess award received by Crowley. This suit was then brought for past due compensation and related medical expenses by Crowley claiming the award she received was for general damages, and thus, the City is not entitled to a credit for future compensation or medical expenses. The trial court ruled in favor of Crowley ordering the City to pay all back benefits to which Crowley is entitled. The City now appeals alleging five assignments of error. Crowley has answered the appeal requesting additional attorney's fees for defending this appeal.

IS THE AMENDMENT TO La.R.S. 23:1103 RETROACTIVE OR PROSPECTIVE?
Prior to amendment, La.R.S. 23:1103 provided:
§ 1103. Damages; apportionment of between employer and employee in suits against third persons; compromise of claims
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
Amended by Acts 1958, No. 109, § 1.
This statute was then amended in 1989 in response to the Louisiana Supreme Court case of Brooks v. Chicola, 514 So.2d 7 (La.1987). In Brooks, supra, the supreme court interpreted La.R.S. 23:1103. The court stated the worker's compensation benefits paid under the aforementioned *43 statute were intended to compensate the employee for lost wages and loss of earning capacity and not for pain and suffering. Thus, the court concluded that when the employer and compensation carrier intervene in the employee's suit against a third party tortfeasor, the intervenor's reimbursement for past weekly benefits should be limited to the award for past loss of earnings. In addition, the court expanded their holding to future compensation stating, "It necessarily follows that credit for future compensation likewise must be limited to the award for future loss of earnings. To allow reimbursement and credit beyond this would reduce the injured worker's recovery for non-economic losses."
The amendment to La.R.S. 23:1103 directly responds to the holding of Brooks, supra, legislatively overruling the supreme court's decision. This amendment provides:
§ 1103. Damages; apportionment of between employer and employee in suits against third persons; compromise of claims
A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
(2) No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
C. If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph A of this Section.
Amended by Acts 1989, No. 454, § 4, eff. Jan. 1, 1990.
This amendment became effective January 1, 1990.
The City contends in its second assignment of error the trial court erred in failing to apply the remedial and curative amendments to La.R.S. 23:1103. This assignment of error relates to the other four, and thus, it will be addressed first.
In the present case, Crowley was injured on September 9, 1987. The applicable worker's compensation statute is the one in effect at the time of the injury. See, Villagomez v. Howard Trucking Company, 569 So.2d 1006 (La.App. 3d Cir.1990). This seems to indicate the original language *44 in La.R.S. 23:1103 and the interpretation of this language by Brooks, supra, would apply to this case. However, this is only true if the amendment is applied prospectively.
The issue now before this court is whether amended La.R.S. 23:1103 should be applied retroactively thereby allowing the City to receive a credit for future worker's compensation benefits regardless of the itemization of the award received by Crowley or whether the amendment should be applied prospectively only, allowing the City a credit for future compensation only for those damages awarded to Crowley that were designated as loss of future wages or lost earning capacity as set forth in Brooks, supra.
La.R.S. 1:2 mandates that no statute is retrospective unless expressly stated. The jurisprudence has developed and consistently states the rule of prospective application applies to laws that are substantive in nature, but laws that are procedural, remedial, or curative can be accorded retroactive effect. La.C.C. art. 6; Graham v. Sequoya Corporation, 478 So.2d 1223 (La.1985).
To determine whether a statute is considered substantive or procedural, remedial, or curative, the jurisprudence has established definitions which are also well developed and consistent. A substantive law is one that creates an obligation and its acts are generally defined as those which create, confer, define or destroy rights, liabilities, causes of action or legal duties. Procedural, remedial or curative statutes relate to the form of the proceeding or operation of the laws. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Curative acts are those that remove past disabilities in order to effect the true intent of the legislature. Graham, supra; Young v. American Hoechst Corporation, 527 So.2d 1102 (La. App. 1st Cir.1988); Babin v. Saturn Engineering Corporation, 501 So.2d 857 (La. App. 5th Cir.1987); Breazeale v. CNA Insurance, 417 So.2d 27 (La.App. 1st Cir. 1982), writ denied, 420 So.2d 980 (La.1982). Another exception to applying laws prospectively is for laws that are merely interpretive of existing legislation. Statutes are considered interpretive only if they interpret existing rights and duties, rather than establishing a new right or duty. Breazeale, supra; Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331 (La.1978), citing, 1 M. Planiol, Civil Law Treatise, Nos. 249-252 (La.St.L.Inst. Transl.1959), and A. Yiannopoulos, Civil Law System, 68 (1977).
The amended version of La.R.S. 23:1103 was drafted in response to the supreme court's interpretation of pre-amendment La.R.S. 23:1103. The legislature obviously did not agree with the supreme court's interpretation in Brooks, supra, because the amendment to La.R.S. 23:1103 legislatively overruled Brooks, supra. This amendment allowed the legislature to tell the courts how La.R.S. 23:1103 should be interpreted thus, it clarified and interpreted an existing law. This amendment did not create a new right or obligation; it simply interpreted La.R.S. 23:1103.
The problem language in La.R.S. 23:1103(A) states in pertinent part:
"..., the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment." (emphasis added)
This language indicates the worker's compensation carrier is entitled to a credit (compensation shall cease) for such part of the compensation due. Brooks, supra, held this credit was only allowed up to the amount received by the plaintiff that was designated as loss of earning capacity or lost wages. The statute itself does not indicate any limitation on the credit to be received by the worker's compensation carrier. This was confirmed by the legislature in amended La.R.S. 23:1103(B) which states:
B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment *45 without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
The amendment does not change any rights or obligations as stated in old La.R.S. 23:1103(A). It only clarifies section (A) to say while the worker's compensation carrier is entitled to a credit it is not limited to those amounts designated as lost wages or medical expenses as previously held in Brooks, supra. After a thorough analysis using the proper definitions, we find this amendment to be curative and interpretive and thus should be applied retroactively.[1] To find otherwise, would be to ignore what the jurisprudence has found to be a truly substantive law or a procedural or curative law.

BROOKS versus CHICOLA
The City alleges in its first assignment of error the trial court was clearly wrong in finding that all of Crowley's third party tort settlement had been itemized as a general damage award so as to preclude the City from claiming a credit for Crowley's future worker's compensation benefits and medical expenses under the guidelines of Brooks v. Chicola, supra.
This court has thoroughly reviewed the record in this case, and we find the trial court did not err in finding that all of Crowley's third party settlement had been itemized as general damages. The trial transcript in the case of Kathleen Crowley v. Robert Jenkins, et al, before the Honorable Bennett J. Gautreaux, Wednesday, September 13, 1989, contains the following colloquy:
MR. RUSSELL: Your Honor, in connection with the settlement, we have discussed this with Ms. Crowley, the plaintiff, and the settlement is a good faith settlement of all claims of this case, including those of intervenor, and the settlement to be paid out of the total of one hundred and twenty-five thousand ($125,000.00) directly from defendant to plaintiff. It is for the sum which would be appropriate to reimburse her for her general damages, for pain and suffering, mental anguish, and so forth. (emphasis added)
BY THE COURT: Is that correct, with all, gentlemen?
MR. MILLER: (NODS AFFIRMATIVELY)
MR. THEUNISSEN: Yes, sir, your Honor.
BY THE COURT: Ms. Crowley, you've heard the agreement your attorney had entered into in your behalf. Do you understand that, Ma'am?
MS. CROWLEY: Yes sir.
Another transcript dated December 4, 1989, indicates Mr. Miller, attorney for the City, stated the issue of credit was not discussed specifically and they had agreed not to itemize damages. However, it is clear from the above colloquy Mr. Miller did agree to the itemization of the excess award as general damages. The trial judge specifically asked Mr. Miller if he agreed. If he had any reservations or limitations they should have been stated at that time. Therefore, the City did agree through their attorney, Mr. Miller, that Crowley's award would be considered as general damages.
An itemization of an award as general damages would normally preclude a credit for future worker's compensation benefits and medical expenses by the intervenor under the Louisiana Supreme Court case of Brooks, supra. However, this court has determined the amendment of to La.R.S. 23:1103 legislatively overruling Brooks, supra, should be applied retroactively. Therefore, the issue as to whether or not there was an itemization of the damages awarded in this case is irrelevant. The City is entitled to apply amended La.R.S. 23:1103 retroactively and thus, may receive a credit for future worker's compensation *46 and medical benefits regardless of the itemization of the award. See, Billeaud v. United States Fidelity and Guaranty Co., 349 So.2d 1379 (La.App. 3d Cir.1977).

MEDICAL EXPENSES
The City alleges in its third assignment of error the trial court erred in assessing the cost of medical treatments of Crowley in excess of $750.00 against the City when those expenses were not submitted to the City for prior approval pursuant to La.R.S. 23:1142.
After reviewing the record in this case, we find no evidence to indicate what medical treatments have been submitted or should have been submitted for approval under La.R.S. 23:1142. Therefore, this issue will be remanded to the trial court to determine whether the medical bills were properly assessed against the City.

PENALTIES AND ATTORNEY'S FEES
The City alleges in its fourth assignment of error the trial court erred in finding the City liable for penalties and attorney's fees for being arbitrary and capricious in its continuance of Crowley's worker's compensation benefits.
The award of statutory penalties in worker's compensation cases is governed by La.R.S. 23:1201(B, E). In order to avoid an award of penalties, the employer must demonstrate that non-payment resulted from conditions over which it or the insurer had no control, or that it or the insurer has reasonably controverted the right to benefits. La.R.S. 23:1201(E). The employee's right to such benefits will be deemed reasonably controverted if the employer or insurer had a reasonable basis for believing that medical expenses and compensation benefits were not due the employee. Guidry v. United Furniture Distributors, 544 So.2d 100 (La.App. 3d Cir.1989). The question of whether amended La.R.S. 23:1103 should be applied retroactively, thus, allowing the City a credit for future worker's compensation regardless of the itemization of the award to Crowley, is a reasonable basis for the City to refuse payment of compensation benefits to Crowley. Thus, we conclude the trial court erred in assessing penalties against the City.
In response to the issue of attorney's fees, La.R.S. 23:1201.2 provides the time period of payment of any claim due is established at 60 days after receipt of notice. However, before an employer or insurer can be found liable for attorney's fees, his failure to pay must be found to be arbitrary, capricious, or without probable cause. In light of the facts above, we find the actions of the City in this case were not arbitrary and capricious, and thus, the trial court erred in assessing attorney's fees against the City.

NEW TRIAL
The City alleges in its fifth assignment of error the trial court erred in failing to consider Crowley's stipulated newly discovered application for unemployment benefits as a sufficient ground for the granting of a new trial under La.C.C.P. arts. 1972 & 1973.
The City further contends in order for Crowley to claim unemployment compensation benefits, she must be able to work. In addition, Crowley's eligibility to continue to receive worker's compensation benefits hinges upon her continued disability. Thus, if Crowley is able to work, she is no longer entitled to receive disability payments. Since this court has determined amended La.R.S. 23:1103 should be applied retroactively, the City is entitled to a credit for future compensation benefits as addressed above. Therefore, the City's request for a new trial to show Crowley is not entitled to further benefits need not be addressed.

ANSWER TO APPEAL
Crowley has answered the City's appeal requesting additional attorney's fees for defending this appeal. This court has ruled in favor of the City and thus, Crowley's request for additional attorney's fees is denied.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed in part and *47 remanded for further proceedings consistent with this opinion. The costs of this appeal are assessed to plaintiff, Kathleen Crowley.
REVERSED AND REMANDED.
DOMENGEAUX, C.J., dissents and will assign reason.
DOMENGEAUX, Chief Judge, concurring in part, and dissenting in part.
I concur with the majority's affirmation of the trial court's finding that all parties stipulated to the itemization of the third party settlement as a general damage award. However, I dissent from the majority's retroactive application of the 1989 legislation which overruled not only Brooks v. Chicola, 514 So.2d 7 (La.1987) but other settled jurisprudence also pertinent herein, namely, Fontenot v. Hanover Insurance Co., 385 So.2d 238 (La.1980).
In St. Paul Fire and Marine Insurance Co. v. Smith, 596 So.2d 272 (La.App. 3d Cir.1992), a panel of this court recently found the 1989 amendment to La.R.S. 23:1103 to be interpretive legislation and therefore retroactive. Although I was a member of that panel and voted with the majority, from the beginning I had serious doubts as to the correctness of that decision. Further consideration, prompted by the facts of the instant case, convinces me that I erred in voting with the Smith majority.
I would respectfully suggest that in Smith we relied too heavily on secondary sources to reach the conclusion that the amendment was "remedial." The "bottom line" is that this statute affects substantive rights by overruling, not just Brooks, but also Fontenot and its progeny. I believe the situation is similar to the legislature's overruling of the case of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). In Fountain v. CLECO, 578 So.2d 236 (La.App. 3d Cir.1991), writ denied, 581 So.2d 707 (La.1991), we declined to apply the amendment overruling Berry retroactively. Our lead was soon followed by the U.S. Fifth Circuit in Pierce v. Hobart Corp., 939 F.2d 1305 (5th Cir.1991) and by the Louisiana Fourth Circuit in Carter v. Chevron Chemical Co., 593 So.2d 942 (La. App. 4th Cir.1992).
The pertinent facts of the instant case are as follows: Mrs. Kathleen Crowley was injured in September of 1987 when, as a pedestrian, she was struck by a car. The accident resulted in a worker's compensation claim and a third party tort suit. In September of 1989, Mrs. Crowley settled with the tortfeasor. At that time, the employer/intervenor received 100% reimbursement for compensation benefits and medical expenses actually paid. Further, all parties stipulated in open court that the settlement proceeds were intended to compensate Mrs. Crowley for her general damages only.
It is submitted that this stipulation was made with full knowledge of the effect of the Brooks and Fontenot decisions, which held that the employer is not entitled to reimbursement for medical expenses or compensation benefits out of the claimant's general damage award.
After the settlement, Mrs. Crowley's employer refused to pay additional compensation benefits and medical expenses, claiming it was entitled to a credit against the proceeds of the settlement. The trial court ruled in favor of Mrs. Crowley, enforcing the settlement in conformity with the stipulation made in open court and declining to apply the 1989 amendment to La.R.S. 23:1103 retroactively.
The majority relies on the Smith case to reverse the trial court. In Smith we held the 1989 amendment was "interpretive," as opposed to substantive, largely because we found the legislature's clear intent was to overrule the Brooks case. I believe the instant case demonstrates the fallacy of that position taken in Smith.
Fontenot had become settled law many years before Mrs. Crowley's accident and before the Brooks case was decided. Although the 1989 amendment clearly overruled Brooks and Fontenot, I find no clear intention that this amendment should be applied retroactively, particularly in light of the long line of jurisprudence that has consistently followed Fontenot and *48 Brooks. The majority here and in Smith apparently found such an intention solely because the amendment came within two years of the Brooks decision. I submit that without more, we should not second guess the legislature on the question of retroactivity. Rather, we should follow our brethren of the Fourth Circuit and of the federal bench and apply the generally accepted principles that (1) no statute is retrospective unless expressly stated, and (2) the applicable worker's compensation statute is the one in effect at the time of the injury. See Harris v. Ballansaw, 576 So.2d 602 (La.App. 4th Cir.1991) and Harrison v. Otis Elevator Company, 935 F.2d 714 (5th Cir.1991).
At the time of Mrs. Crowley's injury, the former La.R.S. 23:1103, as interpreted in Fonetenot and in Brooks, was in effect. Under those cases, the employer or worker's compensation insurer was not entitled to reimbursement for medical expenses or compensation benefits out of the claimant's general damage award. The stipulation herein was entered in contemplation of the result dictated by Fontenot and Brooks otherwise, why was it made? The stipulation should be enforced according to the intent of the parties.
For the above reasons, I respectfully concur in part and dissent in part.
NOTES
[*] Judge Patin, retired, participated in this decision as Judge Pro Tempore.
[1] Prior to the rendition of this opinion, another panel of this court reached the same conclusion in St. Paul Fire & Marine Ins. Co. v. E.R. Smith Jr. d.b.a. E.R. Smith Electrical Contractor, et. al., 596 So.2d 272 (La.App. 3d Cir.1992).