BROWN, Judge.
As Brenda Hahn was leaving work, she was shot and killed by her estranged husband on her employer’s parking lot. Plaintiff brought this workers’ compensation action on behalf of decedent’s three minor children. Determining that this incident arose out of a personal risk and was not employment related, the trial court initially granted summary judgment in favor of the employer. On appeal this court reversed holding that while on company property an employee is still within the course of employment for a reasonable period of time after completing her day’s work. Duncan v. South Central Bell Telephone Company, 554 So.2d 214 (La.App.2d Cir.1989), writ denied, 559 So.2d 125 (La.1990). On remand the trial court awarded plaintiff workers' compensation death benefits and funeral expenses. The trial court denied plaintiff’s request for penalties and attorney fees. Both plaintiff and defendant appeal. We affirm.
FACTS AND PROCEDURE
Brenda C. Hahn was employed as a telephone operator for defendant, South Central Bell Telephone Company. On August 8, 1986, she was scheduled to work a split shift from 9:30 a.m. until 1:00 p.m. and thereafter from 5:30 p.m. until 9:30 p.m. Mrs. Hahn clocked off of work from her first shift at 1:00 p.m. and proceeded to the parking lot provided for South Central Bell employees. At 1:03 p.m. while in the parking lot, Mrs. Hahn was shot and killed by her estranged husband. This action for workers’ compensation benefits and funeral expenses was brought by decedent’s sister, a court appointed tutrix, on behalf of decedent’s three minor children.
South Central Bell filed a motion for summary judgment contending that decedent’s death did not arise out of her employment and thus the children had no cause of action for workers’ compensation benefits. The trial court granted the motion for summary judgment. On appeal this court reversed and remanded for further proceedings. Duncan v. South Central Bell, supra. Defendant’s writ application to the Louisiana Supreme Court was denied by a four to three vote.
Thereafter, on remand the trial court found in favor of plaintiff and awarded the children death benefits and funeral expenses. From this decision, defendant has appealed. On remand plaintiff amended her petition to seek penalties and attorney fees for the capricious and arbitrary denial of benefits. The trial court denied plaintiff’s request and plaintiff also has appealed.
DISCUSSION
In reversing the trial court’s initial grant of summary judgment this court held in Duncan v. South Central Bell Telephone Company, supra, that decedent’s death occurred in the course of her employment. This court stated, “[e]ven if an employee has finished his day’s work and is preparing to leave or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment and the working day embraces these intervals just as it includes reasonable periods of rest, relaxation, or the attendance of personal needs.” Duncan, 554 So.2d at 220 citing Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966).
In Duncan, supra, we analyzed the phrases “in the course of” and “arising out of” and utilized the legal reasoning and analysis contained in Raybol v. Louisiana State University, 520 So.2d 724 (La.1988). Raybol is the jurisprudence construing LSA-R.S. 23:1031, as that statute read on the date of Hahn’s death. Interpreting Raybol, we found that if an employee is clearly in the course of employment, there is no need to determine whether the injury “arose out of” the plaintiff’s employment by examining whether the circumstances under which the employee worked enhanced the danger of an assault. Duncan, 554 So.2d at 221. However, this court noted that a security guard was allegedly absent from his post at the time of the shooting, “which fact, if proven at trial, would clearly serve to satisfy the ‘arising out of’ requirement as the lack of security provid *652 ed by the employer enhanced the danger of an assault upon the decedent.” Duncan, 554 So.2d at 221. This court further found that by providing specific parking areas for its employees, as well as scheduling the decedent to work certain shifts, defendant made decedent’s movements more predictable, and thus may have increased the risk of an assault by decedent's estranged husband. Duncan, 554 So.2d at 221. The case was then remanded to the trial court for further proceedings.
We now clarify our prior opinion to state that two requirements exist for com-pensability under the act. Both “in the course of employment” and “arising out of employment” must be proven to qualify for compensation benefits; however, they should not be considered in isolation and a strong showing of one can overcome or strengthen a weaker showing of the other.
In our previous opinion, we found that the decedent, although in the process of leaving the work premises, was still “in the course of” her employment and because the employer’s actions made her movements more predictable that her death “arose out of” her employment. It is not for this panel to revisit the previous evaluation of a different panel of this court as their decision is the law of this case. Clomon v. Monroe City School Board, 557 So.2d 1100, 1106 (La.App.2d Cir.1990); Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.1992), writ denied, 605 So.2d 1099 (La.1992); Knotts v. U.S., 893 F.2d 758, 761 (5th Cir.1990). We are bound by and accept the conclusion reached by the previous panel while clarifying its legal reasoning.
IS THE AMENDMENT TO LSA R.S. 23:1031 RETROACTIVE OR PROSPECTIVE?
South Central Bell cites, for the first time, Act 454 of 1989 which amended LSA-R.S. 23:1031 to add Paragraph D to the statute. Paragraph D provides that an injury by accident should not be considered as having arisen out of the employment, and therefore is not covered by workers’ compensation, if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s work. LSA-R.S. 23:1031(D). This amendment became effective on January 1, 1990. South Central Bell argues that although Hahn was killed in 1986, this amendment is applicable because it is interpretive and therefore retroactive. Such retroactive application would defeat plaintiff’s claim for workers’ compensation death benefits and funeral expenses. We do not agree.
LSA-R.S. 1:2 mandates that no statute is retrospective unless expressly stated. The jurisprudence has developed the rule that substantive laws can only be applied prospectively while laws that are procedural, remedial, or curative can be accorded retroactive effect. La.C.C. art. 6 [1]; Graham v. Sequoya Corporation, 478 So.2d 1223, 1225-1226, (La.1985). The jurisprudence has established definitions to determine whether a statute is considered substantive or procedural, remedial, or curative. Crowley v. City of Lafayette, 602 So.2d 40, 44 (La.App. 3d Cir.1992).
A substantive law is one that creates an obligation and its acts are generally defined as those which create, confer, define or destroy rights, liabilities, causes of action or legal duties. Roadrunner Motor Rebuilders v. Ryan, 603 So.2d 214, 218 (La.App. 1 Cir.1992). Procedural, remedial or curative statutes relate to the form of the proceeding or operation of the laws. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Curative acts are those that remove past disabilities in order to effect the true intent of the legislature. Crowley, 602 So.2d at 44; Young v. American Hoechst Corporation, 527 So.2d 1102, 1103 (La.App. 1st Cir.1988).
*653 Another exception that allows a retrospective application is for laws that are merely interpretive of existing legislation. Crowley, 602 So.2d at 44. Statutes are considered interpretive only if they explain existing rights and duties, rather than establishing a new right or duty. Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331, 1339 (La.1978), citing, 1 M. Planiol, Civil Law Treatise, Nos. 249-252 (La.St.L.Inst.Transl.1959), and A. Yianno-poulos, Civil Law System, 68 (1977).
Interpretive legislation does not destroy vested rights, because it does not create new rules, but merely establishes the meaning that the statute being considered had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576, 590 (La.1974). In a sense, interpretive acts explain existing laws, or add to them provisions which the lawmakers believe to be salutary. Dripps v. Dripps, 366 So.2d 544, 548 (La.1978).
That portion of Act 454 of 1989 which adds Paragraph D to LSA-R.S. 23:1031 eliminates a theory of recovery and thus, makes changes that alter substantive rights.
LSA-R.S. 23:1031(D) provides in part: An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment, (emphasis added)
Before Paragraph D of LSA-R.S. 23:1031(D) was added, employees could prevail under certain circumstances against the employer for injuries that arose out of disputes with another person or employee over matters unrelated to the injured employee’s work. Paragraph D is a substantive change in the law which effectively extinguished this theory of recovery, and therefore is not to be retroactively applied. Gilboy v. American Tobacco Co., 582 So.2d 1263 (La.1991). The following analogy is also helpful in reaching this logical conclusion.
In Green v. Liberty Mutual Insurance Co., 352 So.2d 366 (La.App. 4th Cir.1977), writ denied, 354 So.2d 210 (La.1978), plaintiff was injured in an industrial accident at his place of employment and brought an “executive officer” tort suit, alleging that negligent acts of omission by four officers created unsafe working conditions and proximately caused his injury. Prior to filing suit, but after the accident, LSA-R.S. 23:1032 of the Louisiana Workmen’s Compensation Act, now called the Louisiana Workers’ Compensation Act, was amended by Act 147 of 1976 to provide that no employee could maintain a suit for damages against his employer, principal, or any officer. Defendants filed a peremptory exception of no cause of action asserting that the 1976 amendment required dismissal of plaintiff’s demands because it was retroactive in effect. The district court sustained defendant’s exceptions and dismissed plaintiff’s suit. Green, 352 So.2d at 367; Chris-tovich, Workmen’s Compensation Re-troactivity of Amendment to Louisiana Workmen’s Compensation Statute, 52 Tul.L.Rev. 907 (1978).
The court of appeal reversed and held that U.S. Const.Art. 1, § 10 prohibits a state from passing a retroactive or ex post facto law that would destroy a vested right or impair the obligation of contract. Furthermore, the Fourteenth Amendment guarantees against loss of a property right without due process of law. See also La. Const. Art. 1, § 23. Thus, because the amendment would deprive plaintiff of his vested right in the cause of action, i.e., right to file an executive officer damage suit, it cannot be given retroactive application. Green, 352 So.2d at 369-370.
Likewise, in the instant case, Act 454 of 1989, which amended LSA-R.S. 23:1031 to add Paragraph D, cannot be applied retroactively because such an application would deprive plaintiff of vested rights. It is well settled that where an injury has occurred for which the injured party has a theory of recovery, such is a substantive right. Gil-boy, supra; Sepulvado v. Sepulvado, 590 *654 So.2d 712, 713 (La.App. 3rd Cir.1991); Young v. Young, 549 So.2d 437, 440 (La.App. 3rd Cir.1989). Crawford v. Midwest Steel Company, Inc., 517 So.2d 918, 920 (La.App. 3rd Cir.1987). Therefore, we find that Act 454 of 1989, which added Paragraph D to LSA-R.S. 23:1031 makes a substantive change in that law and accordingly cannot be applied retroactively.
Because that portion of Act 454 of 1989 adding Paragraph D to LSA-R.S. 23:1031 is substantive and not retroactive, we find that LSA-R.S. 23:1031 as written on the date of Hahn’s death is applicable to the case and accordingly compensation benefits are due.
CREDIT
The defendant argues in the alternative that if workers’ compensation death benefits are due, the trial court erred in refusing to grant defendant’s request for credit for sums it paid under a sickness and accidental disability insurance plan funded by South Central Bell in the amount of $21,715. Specifically, South Central Bell argues that LSA-R.S. 23:1225(C)(1) is applicable to plaintiff’s claim. That statute provides in part:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana Worker’s Compensation Law, (b) old age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by the employer, and (d) any other worker’s compensation benefits, then compensation benefits under this Chapter shall be reduced ..., so that the aggregate remuneration from (a) through (d) of this subsection shall not exceed 66⅜ percent of the average weekly wages of the employee at the time of injury.
LSA-R.S. 23:1225(C)(1) is under chapter 10 subpart B titled “Disability Benefits”. The title for “Death Benefits” is found in subpart C. Unlike the subpart pertaining to disability benefits, subpart C does not allow a reduction for other benefits paid.
In our review, we are constrained to read and construe words and phrases in statutes according to the common and approved usage of the language. We may not disregard the letter of the statute under the pretext of pursuing its spirit when the wording of the statute is clear and free of ambiguity. Jungina v. Stafford, 535 So.2d 794, 795 (La.App. 2d Cir.1988). LSA-R.S. 23:1225 applies only when “an employee receives remuneration.” Like the trial court, we too cannot agree with South Central Bell’s claim that LSA-R.S. 23:1225(C)(1) is applicable. The statute does not apply to death benefits.
PLAINTIFF'S CLAIM FOR PENALTIES AND LEGAL FEES
In denying the plaintiff’s claim for penalties and attorney fees, the trial court noted that the plaintiff alleged in its petition that South Central Bell knew the parking lot was unsafe, had employed a security guard, and that the guard had left his post unattended when this shooting occurred. However, during the trial on the merits, no evidence was presented establishing the parking lot area to be unsafe, or that a security guard had been hired or was needed. The trial court found that because of this discrepancy between the plaintiff’s allegations and the facts proved at trial, and due to the uncertainty of the legal question presented, reflected by the Louisiana Supreme Court’s 4-3 vote on the writ denial, defendant was not arbitrary and capricious in refusing to pay benefits.
Under the totality of the circumstances of this case we find the trial court was not manifestly/clearly wrong to deny penalties and legal fees to plaintiff.[2]
*655 CONCLUSION
For the reasons stated above, the trial court judgment is affirmed. The claims for workers’ compensation benefits and funeral expenses made by plaintiff, Diane C. Duncan, on behalf of the minor children Brandon Michael Hahn, Miranda K. Hahn and Clinton Wayne Hahn, are sustained. That portion of the trial court judgment denying penalties and attorney fees and denying offset for disability and accident insurance benefits paid on behalf of the decedent is also affirmed. Costs are assessed to the defendant.
AFFIRMED.
LINDSAY, J., dissents and will assign reasons.

. LSA-C.C.Art. 6 was enacted by Acts 1987, No. 124 and became effective January 1, 1988. Comments to this article provide that the provision reproduces the substance of Article 8 of the Louisiana Civil Code of 1870 and accords with Louisiana jurisprudence interpreting the source provision and does not change the law.

. We reviewed the present case under the clearly erroneous standard. This standard dictates that if the trial court’s findings are reasonable, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990).
This writer wishes to note that had he been sitting as the trial judge, he would have awarded penalties and attorney fees. This award of penalties and fees would be based on South Central *655 Bell’s failure to pay death benefits and funeral expenses after this court’s decision finding Mrs. Hahn to be covered at the time of her death, particularly when they presented no additional information at trial.