Dear Ms. Grosskopf:
You have requested an opinion of the Attorney General regarding the posting of a suspensive appeal bond by the Louisiana Patients' Compensation Fund Oversight Board (Board). You specifically ask whether the Board is required to post a suspensive appeal bond to preserve the right of appeal from an adverse judgment without the threat of execution by the successful claimant/plaintiff.
As you are aware, the Louisiana Supreme Court recently decided the case of Rodriguez v. Louisiana Medical Mutual Insurance, Co., et al., No. 92-CC-3333, which held that the Patients' Compensation Fund (Fund) and the Board are required to post a suspensive appeal bond in accordance with C.C.P. art. 2124. In reaching its decision, the Court cited as controlling, LSA-R.S.40:1299.44(C)(6) of the Louisiana Medical Malpractice Act which provides:
 "(6) Any settlement approved by the court shall not be appealed. Any judgment of the court fixing damages recoverable in any such contested proceeding shall be appealable pursuant to the rules governing appeals in any other civil court case tried by the court." (Emphasis added.)
Based on the above language, the court found inapplicable the statutory provision of LSA-R.S. 13:4581 which generally exempts state boards or commissions exercising public powers and functions from posting any type of appeal bond.
Subsequent to the Rodriguez case, the Louisiana legislature enacted Act No. 560 (Senate Bill No. 973) of the 1993 Regular Session, which amended LSA-R.S. 13:4581. The amendment specifically added the Fund to the list of those entities exempt from posting appeal bonds. The text of the act did not restrict its application to appeals taken on or after its effective date. Nor did it provide for an effective date. Thus, pursuant to Article III, Section 19 of the Louisiana Constitution of 1974, as amended, by Act No. 560 will become effective on August 15, 1993.
The issue presented for our review and opinion is whether Act No. 560 can be applied retroactively so as to absolve the Board from the requirement of posting suspensive appeal bonds for the time period between the date Rodriguez was decided (May 24, 1993) and August 15, 1993.
The prospective operation of statutes is a general rule and, as a general rule, is respected by the courts. Dixon, "Judicial Method of Interpretation of Laws in Louisiana", 42 La. L. Rev. 1661, 1665 (1982). This general rule against retroactive application of legislative enactments, and the exemptions thereto, is codified in LSA-C.C. art. 6, which is the governing rule of statutory construction applicable to this issue:
 "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."
In Cole v. Celotex Corp., 599 So.2d 1058 (La. 1992), the Louisiana Supreme Court reaffirmed the test to be applied in determining statutory application:
 "LSA-C.C. Art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retroactive or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive."
A substantive law is one that creates an obligation and its acts are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action or legal duties. Duncan v. South Central Bell Telephone, 608 So.2d 649 (La.App. 2nd Cir. 1992) Writ Denied and Roadrunner Motor Rebuilders v. Ryan, 603 So.2d 214 (La.App. 1st Cir. 1992).
Procedural or remedial statutes relate to the form of the proceeding or operation of the laws. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Crowley v. City of Lafayette,602 So.2d 40 (La.App. 3rd Cir. 1992) Reversed, in part, on other grounds, and Duncan v. South Central Bell Telephone, cited supra.
As previously noted, the legislature, in enacting Act. No. 560, did not express its intent regarding retroactive or prospective application. Thus we focus now on the issue of substantive vs. procedural.
Initially we find guidance from Chief Justice Calogero's decision in Rodriguez. In finding LSA-C.C.P. art. 2124 rather than LSA-R.S. 13:4581, applicable, he states:
 "That being the case, and charged as we are to determine the applicable law and decide cases, we find that C.C.P. art. 2124 is the governing procedural provision." (Emphasis added.)
The substantive/procedural nature of provisions relating to the furnishing of bond under LSA-R.S. 13:4581 was squarely addressed by the Third Circuit in Southern Construction Co. v. Housing Authority, 189 So.2d 454 (La.App. 3rd Cir. 1966):
 "We feel that the assessment of court costs is purely procedural and is covered by the above statute . . . .
 Upon oral argument of this case . . . counsel for Southern Construction Company moved to dismiss the appeal by the Housing Authority on the ground that . . . the Housing Authority must furnish an appeal bond . . . . However, we are of the opinion that this matter, like that of court costs, is purely procedural. LSA-R.S. 13:4581 specifically provides that public boards and commissions are not required to furnish an appeal bond. Therefore, the motion to dismiss the appeal taken by the Housing Authority is denied." (Emphasis added.)
Based on the above-referenced statutes and the jurisprudence interpretive thereof, particularly the Southern Construction Co. case, we are of the opinion that Act No. 560 of 1993 is procedural and/or remedial in nature. Thus, it may be applied retroactively so as to absolve the Board from the requirement of posting suspensive appeal bonds between the date the Rodriguez case was decided and the effective date of said act.
Trusting this responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
cc: Mr. Larry M. Roedel
0131R