| iBROWN, Judge,
on Rehearing.
The issue presented is clearly framed. Boyette was injured on the job in November 1988. The effective date of the statute providing for the forfeiture of benefits during periods of incarceration was January 1990. Boyette was found to be entitled to workers’ compensation benefits in 1989 and defendant’s obligation to pay those benefits was set forth in 1990 in a compromise agreement. In July 1991, Boyette was arrested and thereafter sentenced to serve 20 years at hard labor for manslaughter and attempted manslaughter.
Boyette’s entitlement to workers’ compensation benefits was governed by the law in effect at the time of his injury (November 1988). See Bruno v. Harbert Int’l., 593 So.2d 357 (La.1992). Entitlement to benefits concerns those injuries which are com-pensable and what constitutes an accident under the workers’ compensation scheme. See Duncan v. South Central Bell Telephone, 608 So.2d 649 (La.App.2d Cir.1992), writ denied, 610 So.2d 800 (La.1993). Boyette was entitled to and obtained compensation benefits; however, he was jailed in July 1991 and thereafter, sentenced to the Department of Corrections.
LSA-R.S. 23:1201.4 provides for the forfeiture of compensation benefits, including medical expenses, during any period of incarceration. At the time Boyette was first jailed, this statute had been in effect for 18 months. The event causing the forfeiture of benefits was Boyette’s incarceration. When his incarceration ceases, the right to claim benefits resumes.
In distinguishing between entitlement to benefits and forfeiture under the Workers’ Compensation Act, the Louisiana Supreme Court in Resweber v. Haroil Construction Co., 94-2708 (La. 09/05/95), 660 So.2d 7, stated:
Sections 1208 and 1208.1 determine the effect of a false statement or misrepresentation on a workers’ compensation claim. The triggering mechanism which makes these provisions applicable is the making of a false statement or misrepresentation, not the occurrence of an accident or injury. Accordingly, it is the date the false statement or 12misrepresentation was made that is determinative in deciding which version of these provisions apply. Because we are not dealing with provisions setting forth which injuries are compensable under the workers’ compensation scheme or what constitutes an “accident” under the work *1104 ers’ compensation scheme, the general rule that the governing law in a compensation action is that which was in effect at the time of the alleged injury, enunciated in such cases as Bruno v. Harbert Int’l., Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); and Smith v. Exxon Chem. Americas, 619 So.2d 140 (La.App. 1st Cir.1993), is not applicable to the present case. ■
Resweber, 660 So.2d at 10.
The reasoning in Resweber is equally applicable to the forfeiture provision dealing with incarceration. As in Resweber, we are not dealing with a provision setting forth which injuries are compensable or what constitutes an accident under the workers’ compensation scheme. Thus, the general rule that the law in effect at the time of the injury is not applicable. Rather the law in effect at the time of the occurrence of the event causing the forfeiture controls.[1]
The compromise agreement was a valid judgment between the parties. When a change in conditions is claimed, such as an event causing a forfeiture of benefits, LSA-R.S. 23:1310.8B, requires a contradictory hearing and ruling by the WCHO. In the instant case, defendant, by letter dated August 21, 1991, submitted to the Office of Workers’ Compensation a 1008 Disputed Claim form invoking the incarceration forfeiture provisions of LSA-R.S. 23:1201.4. Thereafter, on September 9, 1991, benefits were unilaterally terminated by defendant. Because we have determined that the incarceration forfeiture provisions are applicable, the termination of benefits takes effect as of the date of the filing of the rule to forfeit by letter dated August 21,1991.
|3We note that defendant’s letter of August 21,1991, stated:
We are aware that the employee has some type of legal obligation relating to child support and that he has made payments in the past to a Ms. Deborah Murphy.
LSA-R.S. 23:1201.4 also provides that if the WCHO finds that the employee has dependents who rely on a compensation award for their support, the compensation may be ordered paid to the legal guardian of the minor(s) or other person designated by the WCHO. This opinion is without prejudice to the right of any dependent(s) who rely on such benefits for support to present their claims.
DECREE
Accordingly, the WCHO’s ruling is reversed and judgment is rendered forfeiting plaintiffs right to compensation benefits, including medical expenses. This opinion is without prejudice to the right of any dependents) to present a claim under the provisions of LSA-R.S. 23:1201.4.
REVERSED AND RENDERED.
STEWART, J., dissents with reasons.
WILLIAMS, J., dissents for the reasons assigned by STEWART, J.

. In light of the dissent to the original opinion, Riverwood’s attorney, for the first time before this court, forcefully argued the issue of 23:1201.4; however, this appeal is from the ruling of the WCHO allowing benefits and we cannot perpetuate a legally unsound principle because counsel's original argument was not premised on the current state of the law.