730 So.2d 524 (1999)
Tana DEMPSTER
v.
LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY d/b/a Blue Cross/Blue Shield of Louisiana.
No. 98-CA-1112.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
Rehearing Denied April 5, 1999.
Paul G. Aucoin, Vacherie, Louisiana, Counsel for plaintiff-appellant.
David R. Kelly, Avery Lea Griffin, Breazeale, Sachse & Wilson, Baton Rouge, Louisiana, Counsel for defendant-appellee.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and JAMES L. CANNELLA.
GAUDIN, Judge.
In 1997, the Louisiana legislature amended LSA-C.C.P. art. 561 whereby an action in court is considered abandoned when the parties fail to take a step in its prosecution or defense for a period of three years. Previously, the article required five years before abandonment set in. At prime issue in this appeal is whether the three-year abandonment provision can by applied retroactively.
A trial judge in the 23 rd Judicial District Court held that the amended article can and should be applied retroactively. We affirm. Article 561, before and after being amended by Act 1221 of 1997, was and is procedural and not substantive. It neither impairs contractual rights nor disturbs vested rights. Also, it appears from the language of the amendment and the delayed effective date that the legislature intended the amendment to apply retroactively.
The appellant here is Tana Dempster, who filed suit on December 21, 1992 alleging a breach of contract claim against Blue Cross. The last activity in this litigation occurred on October 3, 1994.
The amended article, which was approved by the governor on July 15, 1997 and which was published in the Official Journal of the State on August 5, 1997, became effective on July 1, 1998. The amended article, in pertinent part, states:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding...
"This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by *525 affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal ...
"This Act shall become effective on July 1, 1998, and shall apply to all pending actions."
Blue Cross filed, on July 20, 1998, an ex parte motion for dismissal. The trial judge conducted a contradictory hearing on August 18, 1998, and on September 3, 1998 granted the motion.
On appeal, Dempster argues that the time reduction from five to three years violated due process and that the amendment was substantive and could not be applied retroactively. Further, appellant contends that no written judgment had been signed following a verbal order rendered on December 21, 1993; therefore, any delay in prosecution was caused by the trial judge.
In 1994, the Louisiana Supreme Court decided Segura v. Frank 630 So.2d 714 (La. 1994). In that decision, the Court said:
"In determining whether laws may be applied retroactively, we are guided by La.C.C. art. 6, which provides:
"In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary ...
"LSA-C.C. Art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive ...
"Substantive laws establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992); Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331, 1339 (La.1978). Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Graham v. Sequoya Corp., 478 So.2d 1223, 1226 (La.1985)."
Art. 561, before and after the subject amendment, prescribed a method of enforcing a substantive right. It is procedural. Because the amendment states that the change "shall apply to all pending actions" and because the amendment had a delayed effective date, it appears that the legislature intended the procedural change to be applied retroactively.
The record in this case shows that on December 21, 1993, the trial court considered an exception of prescription filed by Blue Cross. This exception was referred to the merits and did not require a formal, signed order although one could have been executed. Referring the exception to the merits without a formal, signed order would not interrupt Art. 561 from running.
For these reasons, we affirm the September 3, 1998 judgment of the trial court.
AFFIRMED.